# **<u>EXHIBIT N</u>**

## ENVIRONMENTAL PROTECTION AGENCY

**40 CFR Part 63**

**[FRL–7508–8]**

**RIN 2060–AJ26**

**Clarifications to Existing National Emissions Standards for Hazardous Air Pollutants Delegations' Provisions**

**AGENCY:** Environmental Protection Agency (EPA).

**ACTION:** Final rule.

**SUMMARY:** As part of the section 112(l), "Approval of State Programs and Delegation of Federal Authorities" rulemaking process, EPA (we) agreed to clarify which portions of the existing national emission standards for hazardous air pollutants (NESHAP) contain authorities that can be delegated to State, local, and tribal agencies (S/L/Ts) (65 FR 55810, September 14, 2000). Today's rulemaking clarifies which parts of the existing NESHAP can be delegated to S/L/Ts by adding or modifying a section in each NESHAP to describe the authorities that can be delegated to S/L/Ts and those that must be retained by us. In addition, to further clarify which portions of the NESHAP are delegable, some NESHAP standards sections were slightly reorganized or rephrased to separate delegable from non-delegable authorities. These clarifications do not change any substantive NESHAP requirements for industrial sources.

**EFFECTIVE DATE:** This final rule will be effective on August 22, 2003.

**ADDRESSES:** Docket No. A–2000–57, containing supporting information used to develop the proposed rule and the final rule, is available for public inspection and copying between 8 a.m. and 4:30 p.m., Monday through Friday (except government holidays) at the Air and Radiation Docket and Information Center (6102T), Room B–108, EPA West Building, 1301 Constitution Avenue, NW., Washington, DC 20460; telephone (202) 566–1742, fax (202) 566–1741. A reasonable fee may be charged for copying docket materials.

*Worldwide Web (WWW).* In addition to being available in the docket, an electronic copy of this final rule will also be available on the WWW through the Technology Transfer Network (TTN). Following signature, a copy of the rule will be posted on the TTN's policy and guidance page for newly proposed or promulgated rules: *http://www.epa.gov/ttn/oarpg.*

**FOR FURTHER INFORMATION CONTACT:** Mr. Tom Driscoll or Ms. Robin Segall,

Emissions, Moitoring Measurement and Analysis Division, Office of Air Quality Planning and Standards, U.S. Environmental Protection Agency, 109 T. W. Alexander Drive, Research Triangle Park, North Carolina 27709, telephone (919) 541–5135 or (919) 541–0893, or electronic mail at *driscoll.tom@epa.gov* or *segall.robin@epa.gov.*

**SUPPLEMENTARY INFORMATION:** *Regulated Entities.* Entities potentially affected by this rule are S/L/Ts that voluntarily request delegation of section 112 rules, emissions standards, or requirements. The procedures and criteria for requesting and receiving delegation are described in § 63.90 through § 63.97, excluding § 63.96, of 40 CFR part 63, subpart E. Facilities that are subject to the individual subparts to be changed should not be affected by the final amendments, which clarify the delegation requirements between EPA and the S/L/Ts.

*Outline.* The information presented in this preamble is organized as follows:

I. Background
  A. How Do We Delegate Section 112 Standards to You?
  B. When a Standard Is Delegated, Can You Approve Changes to Any of the Requirements?
  C. What Is the Purpose of This Rulemaking?
  D. What Are the Types of Changes We Are Making?
  E. Once NESHAP Are Delegated, Does the S/L/Ts' Enforcement Authority Replace EPA's Authority?
  F. Does Today's Rulemaking Impact Prior Delegations of These Part 63 NESHAP (Maximum Achievable Control Technology (MACT) Standards)?
  G. What Public Comments Were Received on the Proposal?
II. Overview of Changes
  A. What Categories of Changes Are We Making?
  B. What Clarifications Have We Made to Individual Subparts?
III. Statutory and Executive Order Reviews
  A. Executive Order 12866: Regulatory Planning and Review
  B. Paperwork Reduction Act
  C. Regulatory Flexibility Act
  D. Unfunded Mandates Reform Act
  E. Executive Order 13132: Federalism
  F. Executive Order 13175: Consultation and Coordination with Indian Tribal Governments
  G. Executive Order 13045: Protection of Children from Environmental Health Risks and Safety Risks
  H. Executive Order 13211: Actions that Significantly Affect Energy Supply, Distribution, or Use
  I. National Technology Transfer Advancement Act
  J. Federal Actions To Address Environmental Justice in Minority Populations and Low-Income Populations

  K. Congressional Review Act
IV. Statutory Authority
V. Judicial Review

## I. Background

*A. How Do We Delegate Section 112 Standards to You?*

The requirements in 40 CFR part 63, subpart E provide a framework for you, the S/L/Ts, to request and receive delegation of the NESHAP. Once you accept delegation, you are responsible for implementing and enforcing the NESHAP for sources in your jurisdiction.

*B. When a Standard Is Delegated, Can You Approve Changes to Any of the Requirements?*

In addition to the overall implementation and enforcement authority conferred by the delegation, there are separate parts of each section 112 requirement that we cannot delegate to you. Each individual NESHAP, for example, contains requirements that are considered the "standards" and are, therefore, not delegable in terms of your making changes to them. Because the Administrative Procedures Act requires us to approve alternative emission limitations or control requirements through Federal rulemaking, we cannot delegate our rulemaking authority to you. More specifically, any requests by sources for approval of alternative standards must be considered by us and acted upon in a notice and comment rulemaking. Additionally, we cannot delegate authorities that may alter the stringency of the standard, that require Federal oversight for national consistency, or that may require Federal rulemaking. Generally, requests by you to revise standards for a source category (or portions thereof) must be addressed through subpart E or the subpart E rulemaking process for alternative standards. Please note that nothing in the section or this rulemaking usurps your authority to have more stringent State program or regulatory requirements, such as more stringent emission limitations, that apply to sources subject to NESHAP.

However, the authorities in other sections of the NESHAP, such as testing, monitoring, reporting, and recordkeeping, may be delegable and, if delegated, the authority to approve alternatives to these requirements may be exercised by you on a case-by-case basis once you have been delegated the NESHAP through subpart E (straight delegation, § 63.91). These delegable authorities are similar to those in 40 CFR part 63, subpart A General Provisions, which are incorporated into the majority of the NESHAP. Because

only some of the testing, monitoring, reporting, and recordkeeping requirements are delegable in subpart A, EPA has identified what authorities can be delegated in the subpart E revisions (65 FR 55810, September 14, 2000). Section 63.91(g)(1)(i) clarifies what "Category I" changes, including minor and intermediate changes to testing, monitoring, recordkeeping, and reporting requirements, may be considered and approved by S/L/Ts if you receive delegation for these authorities from your EPA Regional Office. For more discussion of delegable authorities, *see* 65 FR 55811 through 55814, September 14, 2000.

There are similar discretionary authorities, as mentioned above, in each NESHAP that may also be delegated to you. Please note, each NESHAP being revised in today's rulemaking will describe those authorities that will be retained by EPA. All other authorities in those NESHAP are delegable to S/L/Ts.

### C. What Is the Purpose of This Rulemaking?

As a part of a larger regulatory and policy effort to clarify and streamline delegation of part 63 requirements, we agreed to clarify which portions of the existing 40 CFR part 63 NESHAP contain authorities that can be delegated to you. In order to achieve this objective, we are making slight changes to many of the existing NESHAP. These changes are clarifications that will allow you to approve alternatives to the delegable authorities, including category I authorities listed in § 63.91(g)(i), instead of requiring a rulemaking by the EPA to approve the site-specific alternatives. Many NESHAP lack a clear delegation section that this final rule remedies. We are also taking this opportunity to make the format of the existing NESHAP more consistent.

### D. What Are the Types of Changes We Are Making?

Many of the existing NESHAP were promulgated before we developed a consistent rule format, so each one has slightly different content and order. In addition, the way that the delegable authorities were identified and delegated varies. Due to these variations, each NESHAP in this rulemaking needs one or more clarifications, listed below, to ease delegation:

• Addition or modification of a section (implementation and enforcement) in each NESHAP describing the authorities that can be delegated to you and those that must be retained by us;

• Reorganization of the standards sections in NESHAP to separate compliance assurance measures, such as monitoring, recordkeeping, or reporting provisions, from actual standards; or

• Minor rephrasing of work practices and other standards developed under the authority of section 112(h) of the Act to allow approval of delegable testing, monitoring, reporting, and recordkeeping authorities by S/L/Ts and without rulemaking by us.

### E. Once NESHAP Are Delegated, Does the S/L/Ts' Enforcement Authority Replace EPA's Authority?

Throughout this preamble, we state that once NESHAP are delegated to you, then you will have the authority to implement and enforce those rules for sources in your jurisdiction. However, nothing in this preamble is intended to suggest that your enforcement agencies have replaced our Federal authority to enforce and implement these rules. We remain partners with you in enforcing the NESHAP.

### F. Does Today's Rulemaking Affect Prior Delegations of These Part 63 NESHAP (MACT Standards)?

In many cases, you already accepted delegation of these NESHAP and, consequently, you are currently implementing and enforcing them. We do not believe that today's rulemaking adversely affects existing delegations of these NESHAP to you. For the most part, today's rulemaking clarifies which of the authorities in each existing NESHAP can, and cannot, be delegated to you.

In all prior delegations, specific authorities in each NESHAP were generally not identified as being delegated. Instead, the NESHAP have been generally delegated in their entirety. For example, when our Regional Offices delegate a NESHAP or MACT standard through straight delegation (*see* 65 FR 55810, September 14, 2000) to a S/L/T, they reference the whole NESHAP, such as subpart M, National Perchloroethylene Air Emission Standards for Dry Cleaning Facilities, in any rulemaking or documents. They usually do not reference a particular authority within the NESHAP, such as § 63.324(d), "[E]ach owner or operator of a dry cleaning facility shall keep receipts of perchloroethylene purchases ..." in any delegation. Therefore, we believe that today's rulemaking will not affect your existing part 63 NESHAP delegation.

However, potential issues may have occurred where you have already acted on the authorities you believed you had been delegated. For example, in subpart

HH, the delegation of authority paragraph in § 63.776 does not withhold the delegation of any of the standards' sections. Therefore, you may have exercised the authority to approve alternative emissions controls or limitations in this example. As mentioned above, you cannot approve alternatives to NESHAP's emissions controls or limitations because they must be established through national rulemaking. Only we can approve alternatives to emissions controls or limitations through national rulemaking.

If you have inadvertently approved alternatives to NESHAP's emissions controls or limitations for a specific source, then the appropriate EPA Regional Office must be notified of this approval. Our Regional Office will then work with you and our Office of Air Quality Planning and Standards, Office of Enforcement and Compliance Assurance, and Office of General Counsel to reevaluate the alternative through the process in § 63.6 or the provisions in 40 CFR part 63, subpart E. If you have any questions regarding inadvertent approvals, please contact your appropriate EPA Regional Office.

### G. What Public Comments Were Received on the Proposal?

On January 16, 2002 (67 FR 2286), the proposed rule was published in the **Federal Register** and we requested written comments on the proposal. We received 4 sets of written comments on the package from the State and Territorial Air Pollution Program and Association of Local Air Pollution Control (STAPPA/ALAPCO), State of Missouri Department of Natural Resources Air Pollution Control Program (APCP), South Coast Air Quality Management District, and Safety-Kleen Corporation. Although the comments were mostly general in nature, some were specific to certain NESHAP. The Missouri APCP's comments included support for EPA's approach to clarify which authorities can be delegated and noted that the "APCP had taken a similar approach to rulemaking." Copies of the comments are available in the public docket for the regulation (docket A–2000–57).

## II. Overview of Changes

The EPA has made a number of changes to the proposed rule in response to the comments we received. The comments on the proposal were limited to a relatively small subset of authorities in a few NESHAP. Accordingly, EPA believes that it is not necessary to repeat the comprehensive discussion contained in the preamble to

the proposal. *See* 67 FR 2288–2298, January 16, 2002, for a more detailed discussion of today's changes to each NESHAP. Instead, EPA has limited the discussion in this preamble to issues raised by commenters, and to discuss changes made to the final rule based on those issues.

*A. What Categories of Changes Are We Making?*

1. Adding an "Implementation and Enforcement" Section

The first category of changes involves adding a section that describes non-delegable authorities or changing current delegation sections to conform to a consistent format. The new "Implementation and enforcement" sections cite the rule sections or requirements for which you may not approve alternatives (*i.e.*, non-delegable authorities). The authority to make changes to those sections or requirements is retained by us and includes the authority to approve any alternatives to emissions standards; including their applicability requirements. Conversely, any authority, not expressly reserved for us and included in these paragraphs, can be delegated to you.

As part of the subpart E rulemaking (65 FR 55810, September 14, 2000), we clarified which of the specific General Provisions authorities (regarding alternative requirements) could not be delegated to you. We divided the General Provisions discretionary authorities into two groups, based upon the relative significance of each type of decision. Category I contains those authorities which can be delegated. We believe that the EPA Regional Office retains the ability to request review of these decisions, although we expect that this authority will be exercised infrequently. Category II contains those authorities which cannot be delegated. For more discussion on the general provisions' delegable authorities, *see* 67 FR 2288, January 16, 2002. The changes in the individual subparts in today's rule reference the subpart E classifications to ensure that they conform with this similar framework.

2. Reorganizing Sections To Separate Compliance Assurance Measures From Actual Standards

The NESHAP contain two major types of requirements: standards and compliance assurance requirements. The standards are the essential requirements that implement EPA's authority under the Act to establish hazardous air pollutant (HAP) emission standards. These standards may be

emission limitations (emission limits, operating limits, opacity limits, and visible emission limits) and/or work practice standards (design, equipment, work practices, and operational standards). The authority to approve alternatives to any of the promulgated standards must be retained by us. Requirements that are essential to ensuring that the standards are achieved as EPA intended, such as applicability requirements and compliance dates, are also retained.

The compliance assurance requirements are also essential, but they offer some flexibility in their implementation. For example, you can approve (or disapprove) minor and intermediate changes to testing, monitoring, reporting, and recordkeeping provisions, as long as they are at least as stringent (or disapprove, if they are not as stringent) as EPA requirements.

In other cases, the S/L/T is given authority to make changes in the implementation of a requirement, but not to change the actual requirement itself. For example, some NESHAP require operation and maintenance plans. Here the S/L/T agency is given the authority to approve some changes in the content of the plan, but does not have the authority to waive the requirement that the plan be created and followed. Additionally, some newly-named operation and maintenance sections contain provisions which are similar to work practices, in that they can potentially affect emissions, such as the requirement to operate and maintain the source's equipment in keeping with good air pollution control practices, or the requirement to correct malfunctions as soon as practicable. You may not approve alternatives that are less stringent than the criteria outlined in the subpart. However, you may require more stringent provisions, such as not permitting excess emissions at all during malfunctions. Where an operations and maintenance plan is required, it usually allows the source considerable latitude in designing the plan, so long as the plan meets certain criteria. You may approve alternatives to the plan that are more stringent than the criteria listed, but you may not approve elimination of major criteria, such as specifying the process and control system monitoring equipment.

As a second example, most NESHAP include requirements to monitor certain specified control equipment operating parameters and to set enforceable operating limits for these same parameters based on data from the performance test. In this case, the S/L/

T may be delegated the authority to approve changes to the ranges for the operating limits based on new performance test data and/or other relevant information submitted by the source. However, we must retain the authority to approve modifications to requirements affecting which parameters are monitored (*e.g.*, EPA would approve appropriate parameters to monitor for a control device not addressed in a NESHAP).

A more detailed discussion and additional examples of changes that may be made to the delegable requirements are presented in the preambles to the proposed and final subpart E rule (64 FR 1880, January 12, 1999) and (65 FR 55822, September 14, 2000).

In most NESHAP, the non-delegable authorities and the delegable authorities are separated into different sections of the rule. However, in a few NESHAP, these authorities are mixed within a single section or are in the standard section in some NESHAP. In this case, we identified and separated out (where possible) the paragraphs that contain requirements for which you may not approve alternatives in the "Implementation and enforcement" section.

In other NESHAP, the delegable and non-delegable authorities are not clearly separated into different sections or into different paragraphs within a standards section. In these cases, we restructured the standards sections to separate the delegable and non-delegable authorities. This restructuring was accomplished by moving the delegable authorities to more appropriate sections of the rule, such as "Monitoring requirements" or "Recordkeeping requirements" sections. As a result, the "Implementation and enforcement" section more clearly shows which authorities you may not be delegated by simply listing the sections containing those authorities.

3. Minor Work Practices' Amendments To Allow Approval of Alternatives Without EPA Rulemaking

In some MACTs, provisions for which you could or should have the authority to approve alternatives are written in a way that precludes you from approving alternatives to these practices. Authority to approve alternatives to work practice standards or any other emission limitation established under section 112(d) or (h) of the Act cannot be delegated to you. However, some work practice requirements could be written more broadly to allow alternative practices to be implemented or these work practice requirements could be

written to expressly state that you may approve alternative practices.

We have rewritten these work practice standards, where possible, to specifically state that you have the authority to approve equivalent or more stringent alternative compliance assurance measures. The sections containing these requirements are not listed as authorities retained by us in the implementation and enforcement section. These kinds of changes are necessary only for a small number of subparts.

*B. What Clarifications Have We Made to Individual Subparts?*

We did not receive any public comments concerning proposed changes to 37 of the subparts we included in the September 2000 proposal notice. However, upon closer review of the proposed changes, we determined that we had inadvertently and inconsistently delegated some of the standards we should have reserved to the Administrator's authority. For those subparts for which we received no public comments and which were correctly proposed, we have promulgated the final NESHAP amendments as proposed. Following is a list of the unchanged subparts:

• Subpart F, Synthetic Organic Chemical Manufacturing Industry
• Subpart I, HON for Certain Processes Subject to the Negotiated Regulation for Equipment Leaks
• Subpart M, National Perchloroethylene Air Emission Standards for Dry Cleaning Facilities
• Subpart O, Ethylene Oxide Emissions Standards for Sterilization Facilities
• Subpart Q, National Emission Standards for Hazardous Air Pollutants for Industrial Process Cooling Towers
• Subpart U, National Emission Standards for Hazardous Air Pollutant Emissions: Group I Polymers and Resins
• Subpart Y, National Emission Standards for Marine Tank Vessel Loading Operations
• Subpart AA, National Emission Standards for Hazardous Air Pollutants from Phosphoric Acid Manufacturing Plants
• Subpart BB, National Emission Standards for Hazardous Air Pollutants from Phosphate Fertilizers Production Plants
• Subpart CC, National Emission Standards for Hazardous Air Pollutants from Petroleum Refineries
• Subpart EE, National Emission Standards for Magnetic Tape Manufacturing Operations

• Subpart II, National Emission Standards for Shipbuilding and Ship Repair (Surface Coating)
• Subpart OO, National Emission Standards for Tanks—Level 1
• Subpart PP, National Emission Standards for Containers
• Subpart QQ, National Emission Standards for Surface Impoundments
• Subpart RR, National Emission Standards for Individual Drain Systems
• Subpart GGG, National Emission Standards for Pharmaceuticals Production
• Subpart JJJ, National Emission Standards for Hazardous Air Pollutant Emissions: Group IV Polymers and Resins
• Subpart OOO, National Emission Standards for Hazardous Air Pollutants for Amino/Phenolic Resins Production
• Subpart PPP, National Emission Standards for Hazardous Air Pollutant Emissions for Polyether Polyols Production
• Subpart XXX, National Emission Standards for Hazardous Air Pollutants for Ferroalloys Production: Ferromanganese and Silicomanganese

The first correction we must make to the proposal package is to ensure that we consistently reserve the requirements in each of the NESHAP that establish the compliance dates for all new, reconstructed, and existing sources that are subject to the applicable subparts. Upon review of the proposal package, we determined that we did not consistently reserve these requirements, which was an error because they are integral to the overall standards and cannot be delegated. Following is a list of the subparts we need to modify to ensure that the compliance date of the applicable requirements are reserved. Also included is the notation for the compliance date requirements paragraphs and/or sections that are affected by this correction to the proposed amendments.

• Subpart N, chromium electroplating (§ 63.343(a))
• Subpart W, epoxy resins and non-nylon polyamides (§ 63.521)
• Subpart X, secondary lead smelting (§ 63.546)
• Subpart LL, primary aluminum production plants (§ 63.847(a))
• Subpart CCC, steel pickling (§ 63.1160(a))
• Subpart DDD, mineral wool production (§ 63.1180)
• Subpart EEE, hazardous waste combustors (§ 63.1206(a))
• Subpart III, flexible polyurethane foam production (§ 63.1291)
• Subpart LLL, portland cement (§ 63.1351)
• Subpart MMM, pesticide active ingredient production (§ 63.1364)

• Subpart NNN, wool fiberglass manufacturing (§ 63.1387)
• Subpart RRR, secondary aluminum production (§ 63.1501)
• Subpart TTT, primary lead smelting (§ 63.1545)
• Subpart VVV, publically owned treatment works (§§ 63.1584 and 63.1587).

The second correction we must make to the proposal package is to ensure that we reserve all of the relevant standards in each of the applicable subparts. Upon closer review of the proposal package, we determined that we did not reserve all of the so-called "general requirements" sections that we should have. In some cases it was appropriate to delegate these sections, because even though the title indicated they were "standards" the content of the sections was clearly related to delegable provisions such as various reporting and recordkeeping requirements. For example, in subpart CC (petroleum refineries), § 63.642, general standards, we correctly retained §§ 63.642(g) through (l). These paragraphs require the following:

• Requires existing sources to control HAP emissions to a level represented by a specified equation;
• Requires new sources to control HAP emissions to a level represented by a specified equation;
• Directs source to use specified compliance provisions;
• Describes compliance approach;
• Describes emissions averaging approach. Note, however, that we correctly delegated §§ 63.642(a) through (f) that describe the following requirements:
• Source must obtain a part 70/71 permit;
• Cross references General Provisions applicability table;
• Initial performance tests and compliance demonstrations required only as specified in this subpart;
• Recordkeeping requirements;
• Reports sent to Administrator. However, in other subparts, we inadvertently delegated some "general standards" requirements. We have corrected this error in today's final rule. The affected subparts and the now-retained general standards requirements are listed below:

• Subpart DD, offsite waste (§ 63.683);
• Subpart HH, oil and natural gas production facilities (§ 63.764);
• Subpart KK, printing and publishing (§ 63.823);
• Subpart HHH, natural gas transmission and storage facilities (§ 63.1274);
• Subpart LLL, portland cement manufacturing (§ 63.1342).

We received public comments on only 11 subparts. Following is a brief description of the proposed changes, the public comments, and our response to the comments for each affected subpart. In addition, we are making revisions to the delegation provisions for Subpart LL (Primary Aluminum) based on the results of an internal review.

1. Subpart G, HON Standards for Process Vents, Storage Vessels, Transfer Operations, and Wastewater

*Proposed Rule.* To clarify which authorities are delegated, we added the ''Implementation and enforcement'' section for delegation provisions to this subpart in a new section, § 63.153. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.112 through 63.113, 63.119, 63.126, 63.132 through 63.140, and 63.148 through 63.149. In addition, we retained § 63.110, which contains the applicability requirements for this rule and § 63.150(i)(1) through (4), which contains the emissions averaging provisions. Section 63.121 describes procedures that should be followed to request the use of alternative means of emissions limitation for storage vessels. To retain the intent of the original language of § 63.121, the new delegation paragraph cross-references the section identifying the procedures to follow in requesting an alternative means of emission limitation for storage vessels. In addition, this rule requires that affected sources meet specific requirements that are contained in other subparts. We clarified that delegation of those requirements will occur according to the delegation provisions of the referenced subparts. Where this subpart requires that affected sources meet specific requirements that are contained in other subparts, but makes certain changes to those provisions, we clarified that those provisions should be changed accordingly and then delegated according to the delegation provisions of the referenced subpart.

*Public Comments.* One comment pertained to § 63.133(h) which is the requirement that ''first efforts at repair shall be made no later than 5 calendar days after identification and repair shall be completed within 45 calendar days after identification'' of improper work practices or control equipment failure. The commenter believes S/L/Ts should have the authority to approve alternatives to this requirement. The commenter also said that the requirement is vaguely defined.

*Final Rule.* We disagree with the comment regarding the delegation of the authority to approve alternatives to

§ 63.133(h). We believe that this provision is a work practice standard, and thus, it cannot be delegated to S/L/Ts. We also believe that the requirement is clear with respect to the responsibility of the source to make a ''first effort at repair'' in a specified time frame. However, the determination of whether the source's response is adequate to meet this requirement is appropriately made by the permitting authority that receives the notifications and potential requests for an extension of time. Therefore, we believe this section already provides adequate flexibility to the S/L/T in implementing the requirements of § 63.133(h).

2. Subpart H, HON for Organic Hazardous Air Pollutants for Equipment Leaks

*Proposed Rule.* To clarify which authorities are delegated, we added the ''Implementation and enforcement'' section in a new section, § 63.183. The section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.160, 63.162 through 63.176, and 63.178 through 63.179. These sections contain the applicability provisions, emissions standards, standards for quality improvement programs, and provisions for alternative emission limitations. There are also instructions to follow the requirements of § 63.177 to request an alternative means of emission limitation for batch processes and enclosed-vented process units.

This subpart also requires affected sources to meet specific requirements that are contained in other subparts. We clarified in the implementation and enforcement language that delegation of those requirements will occur according to the delegation provisions of the referenced subparts. Where this subpart requires that affected sources meet specific requirements that are contained in other subparts, but makes certain changes to those provisions, we clarified that those provisions should be modified accordingly and then delegated according to the delegation provisions of the referenced subpart.

*Public Comments.* We received several public comments regarding the proposed changes to this subpart. One commenter requested that we reconsider allowing S/L/Ts to approve alternatives to the provision in § 63.162(f)(1) that requires a weatherproof and readily visible identification number attached to equipment, such as valves and pumps, that have been identified as leaking. Another comment asked us to reconsider delegating the authority to S/L/Ts to make approvals to alternatives to § 63.163(b)(1), the requirement to

monitor pumps to detect leaks on a monthly basis.

*Final Rule.* We agree with the comment to reconsider allowing S/L/Ts to approve alternatives to the provision in § 63.162(f)(1). This section is an implementation-related requirement and there may be other ways to achieve the intent of the standard, which is to detect and repair equipment leaks on a specified frequency. In order to clarify this distinction, we have revised the language in § 63.162(f)(1) and § 63.181, recordkeeping.

However, regarding the comment to reconsider delegating the authority to S/L/Ts to make approvals to alternatives to § 63.163(b)(1), the requirement to monitor pumps to detect leaks on a monthly basis, we believe that this requirement is an integral part of the work practice standard for subpart H because it addresses the frequency of monitoring efforts. As we said in the proposal package, the collection of subpart H leak detection and repair requirements comprise the work practice standard and cannot be delegated.

3. Subpart L, National Emission Standards for Coke Oven Batteries

*Proposed Rule.* To clarify which authorities are delegated, we replaced the delegation provisions' language with the ''Implementation and enforcement'' section. In the delegation section, we retained the authorities in §§ 63.300 and 63.302 through 63.308. These sections contain the applicability provisions and emissions standards for by-product and nonrecovery coke oven batteries, compliance date extensions, coke oven doors equipped with sheds, work practice standards, bypass/bleeder stacks, and collecting mains.

The original delegation provisions in § 63.313 contained language addressing failure of delegated agencies to carry out required inspections and tests. We retained this language in the revised delegation provisions, but added language to it and to § 63.309, ''Performance tests and procedures,'' explaining that the Administrator may also withdraw delegation of authority pursuant to the provisions of § 63.96.

*Public Comments.* We received one comment concerning the proposed revisions to this subpart. The commenter asked for S/L/Ts to be delegated the authority to approve changes to work practice plans required by § 63.306(a), the provision requiring sources subject to this subpart to prepare and submit written emission control work practice plans for each coke oven battery.

*Final Rule.* While we believe that the requirements to prepare a plan that

includes specified information and how that plan is implemented is a work practice standard, we agree with the commenter that the authority to request revisions to the plan and approve changes is delegable and is best conducted by the S/L/T. Therefore, we have revised § 63.306(a) and (d) to clarify that these activities may be conducted by the Administrator or the delegated permitting authority.

**4. Subpart R, National Emission Standards for Gasoline Distribution Facilities (Bulk Gasoline Terminals and Pipeline Breakout Stations)**

*Proposed Rule.* To clarify which authorities are delegated, we replaced the delegation provisions' language with the ''Implementation and enforcement'' section. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.420 and 63.422 through 63.424. These sections contain the applicability provisions and emissions standards for loading racks, storage vessels, and equipment leaks.

To retain the intent of the original delegation provisions, the revised delegation section also retains delegation of the authority to approve major alternatives to the monitoring specified in § 63.427(a)(1) through (4) per § 63.427(a)(5), which contains provisions for monitoring an alternative operating parameter. To retain the intent of the original language of § 63.426, the revised delegation paragraph cross-references that section for procedures to follow in requesting an alternative means of emission limitation for storage vessels.

*Public Comments.* We received one public comment concerning the proposed changes to this subpart. The commenter asked that S/L/Ts be granted the authority to approve alternative monitoring frequencies based on the compliance history of the source under § 63.423(c) (this requirement is actually promulgated in § 63.424(a)), described as requiring monthly leak inspections for all equipment in gasoline service at gasoline terminals or pipeline breakout stations. The paragraph also says that for these inspections, detection methods incorporating sight, sound, and smell are acceptable. The commenter added that S/L/Ts should be allowed to approve an alternative leak detection method, in their example, the use of a hydrocarbon analyzer.

*Final Rule.* Our proposal was consistent with our view that the leak detection and repair requirements in § 63.424 constitute an integrated program and that changes to any part of the program could change the

effectiveness of the entire program. Therefore, we have not changed the delegation requirements in subpart R.

**5. Subpart S, National Emission Standards for Hazardous Air Pollutants From the Pulp and Paper Industry**

*Proposed Rule.* In order to separate delegable authorities from non-delegable standards, we removed the monitoring and recording authorities from § 63.450(d)(1) (the Standards for enclosures and closed-vent systems section) and placed them in § 63.454(e), ''Recordkeeping requirements.'' We also added a reference in § 63.450(d)(1) that the provisions of § 63.454(e) must be followed.

To clarify which authorities are delegated, we replaced the delegation provisions' language with the ''Implementation and enforcement'' section. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.440, 63.443 through 63.447, and 63.450. These sections contain the applicability provisions and the emissions standards for pulping systems, bleaching systems, kraft pulping process condensates, clean condensate alternatives, and enclosures and closed-vent systems. This subpart also requires that provisions of another subpart be followed. In the implementation and enforcement language, we have clarified that delegation of those requirements will occur according to the delegation provisions of the subpart that is referenced.

*Public Comments.* We received one comment regarding the proposed revisions to this subpart. The commenter stated that ''State and local agencies should not have to seek individual approvals for the same alternatives.'' The commenter also said that if several facilities make the same request for alternative monitoring, EPA would still have to approve each individually.

*Final Rule.* The commenter's assessment that EPA still must approve each request for alternative monitoring individually is correct, if the alternative monitoring request is for a major change to monitoring. The S/L/Ts have the authority to approve alternatives to monitoring if the alternatives are considered minor or intermediate. See definitions of minor, intermediate, and major changes to monitoring in § 63.90.

The commenter is also correct that the approvals must be made on individual sources and not for more than one source per approval, unless the S/L/T chooses to approve the changes using the subpart E equivalency by permit

mechanism; see § 63.94. The purpose of the delegable authorities is to approve alternatives on a case-by-case basis; the circumstances being particular to one source. Conversely, to approve alternative monitoring requirements for more than one source, a S/L/T should use a 40 CFR part 63, subpart E approval mechanism, such as a rule adjustment or rule substitution; §§ 63.92 or 63.93 respectively. Subpart E approval usually requires rulemaking (with public comment), which is required for changes to more than one source in a source category.

**6. Subpart T, National Emission Standards for Halogenated Solvent Cleaning**

*Proposed Rule.* We amended § 63.460 by removing and reserving paragraph (f). We restructured the work practices in § 63.462 and created paragraph § 63.462(e) to give S/L/Ts greater flexibility to approve alternatives that will continue to meet the intent of the standard. In addition, we amended § 63.463(e)(2)(ix)(B) to restructure the recordkeeping requirements to make it easier to delegate them.

To clarify which authorities are delegated, we added the ''Implementation and enforcement'' section in a new section, § 63.470. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.460, 63.462(a) through (d), and 63.463 through 63.464.

Section 63.469 describes procedures that must be followed to request the use of alternative equipment or an alternative work practice. Section 63.460(f) also retains the delegation of §§ 63.469 and 63.463(d)(9) to the Administrator. The delegation provisions added in § 63.470 cross-reference § 63.469 for procedures to follow in requesting an alternative means of emission limitation.

*Public Comment.* We received two comments regarding the proposed revisions to this subpart. One comment requested that S/L/Ts be delegated the authority to approve alternatives to § 63.463(d)(1), which generally requires sources to control air disturbances across the cleaning machine opening(s). The commenter added that this requirement is extremely vague. We also received a comment requesting us to delegate to S/L/Ts the authority to approve alternatives to § 63.463(d)(9), the requirement that each solvent cleaning machine and associated controls be maintained according to manufacturer's specifications.

*Final Rule.* We do not agree with the comment regarding § 63.463(d)(1), the

requirement to control air disturbances across the cleaning machine opening(s). This requirement is a work practice standard whose authority to approve alternatives cannot be delegated to S/L/Ts. However, we believe that the requirement is sufficiently broad to allow several approaches to comply with it. For example, we believe that both (1) covering the openings of cleaning machines with lids when not in use, and (2) operating the cleaning machines in an enclosed room that is vented to a control device comply with this provision. Therefore, we are not delegating this authority to S/L/Ts in the final rule.

We agree with the request to delegate to S/L/Ts the authority to approve alternatives to § 63.463(d)(9), the requirement that each solvent cleaning machine and associated controls be maintained according to manufacturer's specifications. We are revising the proposed changes to this subpart to add the delegation of this authority.

7. Subpart X, National Emissions Standards for Hazardous Air Pollutants From Secondary Lead Smelting

*Proposed Rule.* We restructured the work practices in § 63.545 to give S/L/Ts greater flexibility in approving alternatives that still meet the intent of the standard by adding a paragraph to explain that either the Administrator or delegated S/L/T authorities may approve alternatives to the fugitive dust reduction practices in § 63.545(c).

To clarify which authorities are delegated, we added the "Implementation and enforcement" section for the delegation provisions in a new section, § 63.551. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.541, and 63.543 through 63.545(a) through (e). These sections contain the applicability provisions and emissions standards for process sources, process fugitive sources, and fugitive dust sources.

*Public Comments.* We received one comment regarding the proposed revisions to this subpart. The commenter requested that EPA delegate the authority to approve alternatives to § 63.545(a), the requirement for each owner or operator of a secondary lead smelter to prepare and operate according to a standard operating procedures manual.

*Final Rule.* We agree with the comment that EPA should delegate the authority to approve alternatives to § 63.545(a), the requirement for each owner or operator of a secondary lead smelter to prepare and operate

according to a standard operating procedures manual. In fact, § 63.545(b) already allows the source to submit the standard operating procedure manual to the Administrator or delegated authority for review and approval. We have revised the delegation provisions in new § 63.551 to clarify that this authority is delegable.

8. Subpart DD, National Emission Standards for Hazardous Air Pollutants From Off-Site Waste and Recovery Operations

*Proposed Rule.* Section 63.684, "Standards for off-site material treatment," contains monitoring requirements, and § 63.693, "Standards for closed-vent systems and control devices," contains monitoring and inspection requirements which are delegable authorities. We rephrased the language of § 63.684(e)(1) to remove the monitoring and reporting requirements from that section. Those requirements were added to § 63.695, "Inspection and monitoring requirements" in § 63.695(e), with an introductory paragraph to match the format of the section in § 63.695(a)(4). The continuous monitoring requirements and visual inspection requirements in § 63.693(b)(4)(i) and § 63.693(c)(2)(ii) were also removed and placed in § 63.695(c)(1)(ii)(C) and (D).

To clarify which authorities can be delegated, we replaced the delegation provisions' language with the "Implementation and enforcement" section. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.680, 63.684 through 63.691, and 63.693. These sections contain applicability provisions and the standards for off-site material treatment, tanks, oil-water and organic-water separators, surface impoundments, containers, transfer systems, process vents, equipment leaks, closed-vent systems, and control devices. In addition, this rule requires that affected sources meet specific requirements that are contained in other subparts. In the implementation and enforcement language, we have clarified that delegation of those requirements will occur according to the delegation provisions of the subpart that is referenced.

*Public Comments.* We received one comment letter regarding the proposed revisions to this subpart. The commenter disagreed with our proposed text changes to this subpart. The commenter pointed out that the proposed changes to this subpart conflict with modifications made to this subpart on July 20, 1999 (64 FR 38970).

More specifically, the commenter requested that we correct our proposal to modify § 63.693(b)(4)(i). In the proposal, we moved the continuous monitoring and visual inspection requirements in § 63.693(b)(4)(i) to a new paragraph in § 63.695(c)(1)(ii). The commenter indicated that this proposed revision is problematic because the paragraph following (b)(4)(i) is (b)(4)(ii), which is an alternate process to meeting the requirements of paragraph (b)(4)(i) which we proposed to eliminate. Another comment referred to the proposed changes to § 63.695, the Inspection and monitoring requirements. We proposed to add introductory text to § 63.695(e) that had already been added to the July 20, 1999 modifications to this subpart, *i.e.,* § 63.695(e)(1)(i).

*Final Rule.* We agree with the commenter. We inadvertently used an outdated version of this subpart to formulate our proposed revisions. As a result, our proposed revisions do not agree with the modifications made to this subpart on July 20, 1999.

After evaluating the current version of § 63.693(b)(4)(i), we determined that there is not any confusion remaining between the standards and otherwise delegable requirements. Thus, we are withdrawing our proposed changes to § 63.693(b)(4). We are also withdrawing our proposed changes to § 63.695(e), adding introductory text, because similar language already exists in § 63.695(e)(1)(i). We are retaining the rest of the proposed text changes to this subpart.

9. Subpart GG, National Emission Standards for Aerospace Manufacturing and Rework Facilities

*Proposed Rule.* We restructured the work practices in § 63.744 to give S/L/Ts greater flexibility in approving alternatives by clarifying that either the Administrator or delegated S/L/Ts may approve alternatives to the cleaning operations measures in § 63.744(a).

To clarify which authorities are delegated, we added the "Implementation and enforcement" section for the delegation provisions in a new section, § 63.759. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.741, 63.743, 63.744(a)(1) through (3), 63.744(b) through (e), 63.745 through 63.748, and 63.749(a). These sections contain the applicability provisions, cleaning, primer and top-coat application, depainting, chemical milling maskant application, and waste handling and storage standards, and the compliance dates for this rule.

*Public Comments.* We received two comments regarding the proposed revisions to this subpart. The commenter asked that S/L/Ts be delegated the authority to approve alternatives to § 63.746(b)(4)(iii)(A), the requirement to maintain the dry particulate filter system in good working order. Another comment requested that we delegate to S/L/Ts the authority to approve alternatives to § 63.744(a)(3), the requirement to conduct the handling and transfer of cleaning solvents to or from enclosed systems * * * in such a manner to minimize spills.

*Final Rule.* Section 63.746(b)(4)(iii)(A), the requirement to maintain the dry particulate filter system in good working order, is a work practice standard and, as described above, cannot be delegated to S/L/Ts. However, we believe this provision is written broadly enough to allow more than one approach to maintaining the dry particulate filter system in good working order. For example, the S/L/T could specify minimum and maximum pressure drop levels and filter replacement schedule to meet the intent of the "maintain in good working order" provision. Similarly, the requirement to conduct the handling and transfer of cleaning solvents to or from enclosed systems * * * in such a manner to minimize spills, § 63.744(a)(3), is a work practice standard and it cannot be delegated to S/L/Ts. However, we believe this provision is written broadly enough to allow more than one approach to minimizing spills from the transfer of cleaning solvents. For example, the S/L/T could require implementation of this requirement in the form of a "no visible leak" provision (or numerous other specific requirements). Therefore, we are not revising the proposed changes to this subpart in today's rulemaking.

10. Subpart JJ, National Emission Standards for Wood Furniture Manufacturing Operations

*Proposed Rule.* We clarified that § 63.803(c), "Work practice standards," contains reasonably separable requirements for an inspection and maintenance plan in §§ 63.803(c)(1) through (4), that are not considered part of the standard and, thus, are delegable.

To clarify which authorities are delegated, we replaced the delegation provisions' language with the "Implementation and enforcement" section. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.802 and 63.803(a) through to (b), (c) introductory text, and (d) through (l). These sections

contain the standards for this rule. This section also shows that delegation of authority to approve alternatives cannot be given to S/L/Ts for the applicability provisions in § 63.800. To retain the intent of the original delegation provisions in § 63.808, the revised delegation section also reserves the monitoring and compliance assurance measures and test methods in §§ 63.804(f)(4)(iv)(D) and (E), 63.804(g)(4)(iii)(C), 63.804(g)(4)(vi), 63.804(g)(6)(vi), 63.805(a), 63.805(d)(2)(v), and 63.805(e)(1).

*Public Comments.* We received numerous public comments concerning the proposed revisions to this subpart. The commenter asked that S/L/Ts be delegated the authority to approve or disapprove alternatives to § 63.803(c), which requires an owner or operator of a facility subject to this subpart to prepare and maintain an inspection and maintenance plan. The same commenter also asked that S/L/Ts be delegated the authority to approve or disapprove proposed alternatives to § 63.803(a), which requires an owner or operator of a facility subject to this subpart to prepare and maintain a work practice implementation plan. The commenter added that "[a] plan for implementing work practices may be unnecessary." Another comment was received concerning § 63.803(l), which requires a formulation assessment plan for finishing operations. The commenter said that S/L/Ts should have the authority to approve or disapprove alternatives to meet the intent of this provision. The commenter stated that S/L/Ts should be delegated the authority to approve or disapprove alternatives to § 63.803(b), which requires all owners and operators of facilities subject to this subpart to "train all new and existing personnel, including contract personnel, who are involved in finishing, gluing, cleaning, and washoff operations, use of manufacturing equipment, or implementation of the requirements of this subpart." Again, the commenter stated that S/L/Ts "should be allowed to approve alternative mechanism(s) to meet the intent of the requirement."

Another comment was received concerning § 63.803(d), the requirement for owner or operator of an affected source to develop an organic HAP solvent accounting form to record the quantity and type of organic HAP solvents used and other pertinent information regarding organic HAP solvent use. The commenter said that S/L/Ts "should be allowed to approve alternative mechanism(s) to meet the intent of the requirement." Another comment concerned § 63.803(l)(5), which requires the owner or operator to

confer with the permitting authority to discuss the reason for the 15% increase (above the baseline level) of solvent use and whether there are practical and reasonable technology-based resolutions for the increase. Again, the commenter stated that S/L/Ts "should be allowed to approve alternative mechanism(s) to meet the intent of the requirement."

*Final Rule.* The commenter is correct that there are several paragraphs in § 63.803 that require the owner or operator to prepare a plan to implement the work practice standards. We have changed the final rule to clarify that the overall implementation plan in § 63.803(a), the inspection and maintenance plan in § 63.803(c), and the formulation assessment plan in § 63.803(l) are approvable by the S/L/Ts.

We disagree with the commenter that the work practice implementation plan required by § 63.803(a) may be unnecessary. This requirement is a work practice standard that ensures each owner or operator understands, plans for, and adequately implements the requirements in §§ 63.803(b) through (l). The commenter also suggested several instances where S/L/Ts should have the ability to approve alternatives to the requirements specified in § 63.803. With the exception of § 63.803(c)(1) through (4), we cannot delegate this authority because the requirements are work practice standards. However, S/L/Ts have the authority to determine whether the criteria in §§ 63.803 are met. For example, S/L/Ts cannot eliminate the requirement for operator training in § 63.803(b). However, S/L/Ts approve a range of implementation options to satisfy the operator training requirements, such as (but not limited to) allowing wood furniture manufacturing staff to attend a general, state-developed operator course.

11. Subpart LL, National Emission Standards for Primary Aluminum Reduction Plants.

*Proposed Rule.* To clarify which authorities are delegated, we replaced the delegation provisions' language with the "Implementation and enforcement" section. This section now shows that delegation of authority to approve alternatives cannot be given to S/L/T agencies for the requirements in §§ 63.840, 63.843 through 63.844, 63.845(b) through (e), (h) through (i), and 63.846. These sections contain the applicability provisions, emission standards for existing and new or reconstructed sources, standards for incorporation of new source performance standards for potroom groups, and emissions averaging provisions.

*Final Rule.* We did not receive any public comments on the proposed changes to this rule. However, subsequent internal review revealed inconsistencies in the proposed delegation provisions compared to the original rule. Because this rule has been implemented in its current form for many years and is working well, we do not want to change the role of the regulatory authority in implementing the rule. Therefore, we have revised the delegation provisions in this final rule to ensure that they are consistent with the intent of the original rule.

12. Subpart VV, National Emission Standards for Oil-Water Separators and Organic-Water Separators

*Proposed Rule.* We added the "Implementation and enforcement" section for the delegation provisions in a new section, § 63.1050. This section indicates that delegation of authority to approve alternatives cannot be given to S/L/Ts for the requirements in §§ 63.1040 and 63.1042 through 63.1044. These sections contain the applicability provisions, the emissions standards for separators with fixed and floating roofs, and those vented to a control device. This subpart also requires provisions of subpart DD to be followed. In the implementation and enforcement language, we have clarified that delegation of those requirements will occur according to the delegation provisions of subpart DD.

*Public Comments.* We received one comment regarding the proposed changes to this subpart. The commenter requested that EPA delegate to S/L/Ts the authority to approve alternatives to § 63.1043(b)(3), the requirement for each opening in a floating roof equipped with a closure device that when secured, there are no visible cracks, holes, gaps, or other open spaces in the roof or closure device. The commenter added that S/L/Ts "should be allowed to approve alternative using hydrocarbon analyzer or gap measurement technique."

*Final Rule.* We disagree with the comment that S/L/Ts should be delegated the authority to approve alternatives to § 63.1043(b)(3), the requirement for each opening in a floating roof be equipped with a closure device that when secured, there are no visible cracks, holes, gaps, or other open spaces in the roof or closure device and, thus, have not delegated this requirement to S/L/Ts. This requirement is a work practice standard which, as described above, may not be delegated to S/L/Ts. This is also a case where we do not think there is flexibility in the standard to allow different

implementation methods. This is because it is not clear that a gap measurement technique or use of a hydrocarbon analyzer or other leak detection technique is equivalent to the requirement to ensure there are no visible cracks, etc. For example, a gap measurement technique may imply that some degree of crack or gap would be acceptable which is counter to our interpretation of this requirement and, therefore, we would not consider this technique to be more stringent. Similarly, without a comparison of leaks expected to occur under a "no visible crack" requirement to the leak detection limits of individual equipment and a leak detection schedule, we cannot determine whether the substituted method would be at least equivalent to the current requirement.

## III. Statutory and Executive Order Reviews

### A. Executive Order 12866: Regulatory Planning and Review

Under Executive Order 12866 (58 FR 51735, October 4, 1993), the EPA must determine whether the regulatory action is "significant" and therefore subject to review by the Office of Management and Budget (OMB) on the basis of the requirements of the Executive Order, in addition to its normal review requirements. The Executive Order defines "significant regulatory action" as one that is likely to result in a rule that may:

(1) Have an annual effect on the economy of $100 million or more or adversely affect in a material way the economy, a sector of the economy, productivity, competition, jobs, the environment, public health or safety, or State, local, or tribal governments or communities;

(2) Create a serious inconsistency or otherwise interfere with an action taken or planned by another agency;

(3) Materially alter the budgetary impact of entitlements, grants, user fees, or loan programs, or the rights and obligations of recipients thereof; or

(4) Raise novel legal or policy issues arising out of legal mandates, the President's priorities, or the principles set forth in the Executive Order.

These rule changes will not have an annual effect on the economy of $100 million or more, and therefore are not considered economically significant. In addition, we have determined that this rule is not a "significant regulatory action" because it does not contain novel policy issues.

### B. Paperwork Reduction Act

This action does not impose an information collection burden under the

provisions of the Paperwork Reduction Act, 44 U.S.C. 3501 *et seq.* Today's rulemaking contains changes to rules that already have approved information collection requirements and valid OMB control numbers as required by the Paperwork Reduction Act. The changes in today's rulemaking are clarifications to the relationship between EPA and the S/L/Ts that have chosen to implement and enforce the rules. Therefore, there is no change in the burden that the rules impose on sources or S/L/Ts.

Burden means the total time, effort, or financial resources expended by persons to generate, maintain, retain, or disclose or provide information to or for a Federal agency. This includes the time needed to review instructions; develop, acquire, install, and utilize technology and systems for the purpose of collecting, validating, and verifying information; process and maintain information and disclose and provide information; adjust the existing ways to comply with any previously applicable instructions and requirements; train personnel to respond to a collection of information; search existing data sources; complete and review the collection of information; and transmit or otherwise disclose the information.

An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. The OMB control numbers for EPA's regulations are listed in 40 CFR part 9 and 48 CFR chapter 15.

### C. Regulatory Flexibility Act

The Regulatory Flexibility Act generally requires an agency to prepare a regulatory flexibility analysis of any rule subject to notice and comment rulemaking requirements unless the agency certifies that the rule will not have a significant economic impact on a substantial number of small entities. Small entities include small businesses, small organizations, and small governmental jurisdictions.

For purposes of assessing the impacts of today's rule on small entity, small entity is defined as: (1) A small business as defined by the Small Business Administration; (2) A small governmental jurisdiction that is a government of a city, county, town, school district or special district with a population of less than 50,000; and (3) a small organization that is any not-for-profit enterprise which is independently owned and operated and is not dominant in its field.

After considering the economic impacts of today's final rule on small entities, we certify that this action will not have a significant economic impact

on a substantial number of small entities. This final rule will not impose any requirements on small entities. We believe that there will be little or no impact on small entities as a result of these rule revisions. State, local, and tribal governments are the only entities affected by this action and we expect that most or all of the governments which would have the authority to accept delegation under section 112(l) of the Act are those whose populations exceed 50,000 persons and are thus, not considered "small." In the case of tribal jurisdictions where population will not exceed 50,000 persons, we still believe that there will be little or no impact as a result of these revisions because none currently have air toxics programs. Furthermore, these rule revisions add flexibility and clarity to the existing NESHAP that these governments may choose to implement and enforce and, therefore, eases rather than imposes burdens.

*D. Unfunded Mandates Reform Act*

Title II of the Unfunded Mandates Reform Act of 1995 (UMRA), Public Law 104–4, establishes requirements for Federal agencies to assess the effects of their regulatory actions on S/L/T governments and the private sector. Under section 202 of the UMRA, we generally must prepare a written statement, including a cost-benefit analysis, for proposed and final rules with "Federal mandates" that may result in expenditures to S/L/T governments, in the aggregate, or to the private sector of $100 million or more in any 1 year. Before promulgating an EPA rule for which a written statement is needed, section 205 of the UMRA generally requires us to identify and consider a reasonable number of regulatory alternatives and adopt the least costly, most cost-effective, or least burdensome alternative that achieves the objectives of the rule. The provisions of section 205 do not apply when they are inconsistent with applicable law. Moreover, section 205 allows us to adopt an alternative other than the least costly, most cost-effective, or least burdensome alternative if EPA publishes with the final rule an explanation why that alternative was not adopted. Before we establish any regulatory requirements that may significantly or uniquely affect small governments, including tribal governments, we must have developed under section 203 of the UMRA a small government agency plan. The plan must provide for notifying potentially affected small governments, enabling officials of affected small governments to have meaningful and timely input in the development of EPA regulations with significant Federal intergovernmental mandates, and informing, educating, and advising small governments on compliance with the regulatory requirements.

Today's rule changes contain no Federal mandates (under the regulatory provisions of title II of the UMRA) for S/L/T governments or the private sector. Because the rule is estimated to result in the expenditure by S/L/T governments of significantly less than $100 million in any 1 year, we have not prepared a budgetary impact statement or specifically addressed the selection of the least costly, most effective, or least burdensome alternative. Because small governments will not be significantly or uniquely affected by this rule, we are not required to develop a plan with regard to small governments. Moreover, this action clarifies the relationship between EPA and the S/L/Ts who have voluntarily requested delegation of the part 63 NESHAP, so it does not impose any mandates on those entities. Therefore, the requirements of the Unfunded Mandates Reform Act do not apply to this action.

*E. Executive Order 13132: Federalism*

Executive Order 13132, entitled "Federalism" (64 FR 43255, August 10, 1999), requires EPA to develop an accountable process to ensure "meaningful and timely input by State and Local officials in the development of regulatory policies that have federalism implications." "Policies that have federalism implications" is defined in the Executive Order to include regulations that have "substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government."

Under section 6 of Executive Order 13132, EPA may not issue a regulation that has federalism implications, that imposes substantial direct compliance costs, and that is not required by statute, unless the Federal government provides the funds necessary to pay the direct compliance costs incurred by State and Local governments or EPA consults with State and Local officials early in the process of developing the regulation. The EPA also may not issue a regulation that has federalism implications and that preempts State law, unless the Agency consults with State and Local officials early in the process of developing the regulation.

The changes in today's rulemaking do not have federalism implications. They will not have substantial direct effects on the States, on the relationship between the national government and the States, or on the distribution of power and responsibilities among the various levels of government, as specified in Executive Order 13132, because this rule only clarifies which portions of the existing NESHAP contain authorities that can be delegated to S/L/T governments and does not create any new requirements for S/L/Ts. In other words, this rulemaking only makes insignificant clarifications to existing NESHAP and is not expected to have any additional impact on the relationship between S/L/Ts and the Federal government. Thus, the requirements of section 6 of the Executive Order do not apply to today's rulemaking.

*F. Executive Order 13175: Consultation and Coordination With Indian Tribal Governments*

Executive Order 13175, entitled "Consultation and Coordination with Indian Tribal Governments" (65 FR 67249, November 9, 2000), requires EPA to develop an accountable process to ensure "meaningful and timely input by tribal officials in the development of regulatory policies that have tribal implications." We believe that this final rule does not have tribal implications as specified in Executive Order 13175. Because it implements a voluntary program, today's rulemaking imposes no direct compliance costs on these communities. Thus, Executive Order 13175 does not apply to this rule. However, we did inform tribes of the final rulemaking through the Tribal Environmental Newsletter.

*G. Executive Order 13045: Protection of Children From Environmental Health Risks and Safety Risks*

Executive Order 13045, entitled "Protection of Children From Environmental Health Risks and Safety Risks" (62 FR 19885, April 23, 1997), applies to any rule that: (1) Is determined to be "economically significant" as defined under Executive Order 12866; and (2) concerns an environmental health or safety risk that EPA has reason to believe may have a disproportionate effect on children. If the regulatory action meets both criteria, the Agency must evaluate the environmental health or safety effects of the planned rule on children, and explain why the planned regulation is preferable to other potentially effective and reasonably feasible alternatives considered by the Agency.

This final rule is not subject to the Executive Order because it is not economically significant as defined in

Executive Order 12866, and because the Agency does not have reason to believe the environmental health or safety risks addressed by this action present a disproportionate risk to children because we believe that this package as a whole will result in equal or better environmental protection than currently provided by the existing regulations, and do so in a more streamlined and effective manner.

*H. Executive Order 13211: Actions That Significantly Affect Energy Supply, Distribution, or Use*

This rule is not subject to Executive Order 13211, "Actions Concerning Regulations That Significantly Affect Energy Supply, Distribution, or Use" (66 FR 28355 (May 22, 2001)) because it is not a significant regulatory action under Executive Order 12866.

*I. National Technology Transfer Advancement Act*

Section 12(d) of the National Technology Transfer and Advancement Act (NTTAA) of 1995 (Public Law No. 104–113) (15 U.S.C. 272 note) directs EPA to use voluntary consensus standards in their regulatory and procurement activities unless to do so would be inconsistent with applicable law or otherwise impractical. Voluntary consensus standards are technical standards (*e.g.*, materials specifications, test methods, sampling procedures, business practices) developed or adopted by one or more voluntary consensus bodies. The NTTAA directs EPA to provide Congress, through annual reports to the Office of Management and Budget (OMB), with explanations when an agency does not use available and applicable voluntary consensus standards.

The changes in today's rulemaking do not affect selection of technical standards that are contained in the existing subparts. Therefore, we are not considering the use of any voluntary consensus standards.

*J. Executive Order 12898: Federal Actions To Address Environmental Justice in Minority Populations and Low-Income Populations*

Executive Order 12898 requires that each Federal agency make achieving environmental justice part of its mission by identifying and addressing, as appropriate, disproportionately high and adverse human health or environmental effects of its programs, policies, and activities on minorities and low-income populations.

The EPA believes that today's rule should not raise any environmental justice issues. The intent of the rule is

to clarify the delegation provisions in existing NESHAP and will not impact the emissions reductions provisions in these NESHAP. As a result, it appears unlikely that this program would permit any adverse effects on local populations. The EPA did not receive any public comments regarding this executive order.

*K. Congressional Review Act*

The Congressional Review Act, 5 U.S.C. 801 *et seq.*, as added by the Small Business Regulatory Enforcement Fairness Act of 1996, generally provides that before a rule may take effect, the agency promulgating the rule must submit a rule report, which includes a copy of the rule, to each House of the Congress and to the Comptroller General of the U.S. The EPA will submit a report containing this rule and other required information to the U.S. Senate, the U.S. House of Representatives, and the Comptroller General of the U.S. prior to publication of the rule in the **Federal Register**. A "major rule" cannot take effect until 60 days after it is published in the **Federal Register**. This action is a "major rule" as defined by 5 U.S.C. section 804(2). This rule will be effective on August 22, 2003.

**IV. Statutory Authority**

The statutory authority for this action is provided by sections 101, 112, 114, 116, and 301 of the Act as amended (42 U.S.C. 7401, 7412, 7414, 7416, and 7601). This rulemaking is also subject to section 307(d) of the Act (42 U.S.C. 7407(d)).

**V. Judicial Review**

Under section 307(b)(1) of the Act, judicial review of these final rules are available only by the filing of a petition for review in the U.S. Court of Appeals for the District of Columbia Circuit by August 22, 2003. Any such judicial review is limited to only those objections that are raised with reasonable specificity in timely comments. Under section 307(b)(2) of the Act, the requirements that are the subject of this final rule may not be challenged later in civil or criminal proceedings brought by us to enforce these requirements.

**List of Subjects in 40 CFR Part 63**

Environmental protection, Administrative practices and procedures, Air pollution control, Hazardous substances, Intergovernmental relations, Reporting and recordkeeping requirements.

Dated: May 29, 2003.

**Christine Todd Whitman,**

*Administrator.*

■ For the reasons set out in the preamble, title 40, chapter 1 of the Code of Federal Regulations is amended as follows:

**PART 63—[AMENDED]**

■ 1. The authority citation for part 63 continues to read as follows:

**Authority:** 42 U.S.C. 7401, *et seq.*

**Subpart F—[Amended]**

■ 2. Section 63.106 is revised to read as follows:

**§ 63.106   Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to requirements in §§ 63.100, 63.102, and 63.104. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

**Subpart G—[Amended]**

■ 3. Section 63.153 is added to Subpart G to read as follows:

### § 63.153   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.110, 63.112 through 63.113, 63.119, 63.126, 63.132 through 63.140, 63.148 through 63.149, and 63.150(i)(1) through (4). Follow the requirements in § 63.121 to request permission to use an alternative means of emission limitation for storage vessels. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

### Subpart H—[Amended]

■ 4. Section 63.162 is amended by revising paragraph (f)(1) to read as follows:

### § 63.162   Standards: General.

\*    \*    \*    \*    \*

(f) \*  \*  \*

(1) Clearly identify the leaking equipment.

\*    \*    \*    \*    \*

■ 5. Section 63.181 is amended by adding paragraph (b)(10) to read as follows:

### § 63.181   Recordkeeping requirements.

\*    \*    \*    \*    \*

(b) \*  \*  \*

(10) For any leaks detected as specified in §§ 63.163 and 63.164; §§ 63.168 and 63.169; and §§ 63.172 through 63.174 of this subpart, a weatherproof and readily visible identification, marked with the equipment identification number, shall be attached to the leaking equipment.

\*    \*    \*    \*    \*

■ 6. Section 63.183 is added to Subpart H to read as follows:

### § 63.183   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.160, 63.162 through 63.176, 63.178 through 63.179. Follow the applicable procedures of § 63.177 to request an alternative means of emission limitation for batch processes and enclosed-vented process units. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

### Subpart I—[Amended]

■ 7. Section 63.193 is revised to read as follows:

### § 63.193   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.190 and 63.192(a) through (b), (e), and (h) through (j). Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

### Subpart L—[Amended]

■ 8. Section 63.306 is amended by revising paragraphs (a) introductory text, (a)(1), (a)(2), and (d) to read as follows.

**§ 63.306   Work practice standards.**

(a) *Work practice plan.* On or before November 15, 1993, each owner or operator shall prepare and submit a written emission control work practice plan for each coke oven battery. The plan shall be designed to achieve compliance with visible emission limitations for coke oven doors, topside port lids, offtake systems, and charging operations under this subpart, or, for a coke oven battery not subject to visible emission limitations under this subpart, other federally enforceable visible emission limitations for these emission points.

(1) The work practice plan must address each of the topics specified in paragraph (b) of this section in sufficient detail and with sufficient specificity to allow the reviewing authority to evaluate the plan for completeness and enforceability.

(2) The initial plan and any revisions shall be submitted to the Administrator or the delegated State, local, or Tribal authority. The Administrator (or delegated State, local, or Tribal authority) may require revisions to the initial plan only where the Administrator (or delegated State, local, or Tribal authority) finds either that the plan does not address each subject area listed in paragraph (b) of this section for each emission point subject to a visible emission standard under this subpart, or that the plan in unenforceable because it contains requirements that are unclear.

*   *   *   *   *

(d) *Revisions to plan.* Revisions to the work practice emission control plan will be governed by the provisions in this paragraph (d) and in paragraph (a)(2) of this section. The reviewing authority is the Administrator or the delegated State, local, or Tribal authority.

(1) The reviewing authority may request the owner or operator to review and revise as needed the work practice emission control plan for a particular emission point if there are 2 exceedances of the applicable visible emission limitation in the 6-month period that starts 30 days after the owner or operator is required to implement work practices under paragraph (c) of this section. In the case of a coke oven battery subject to visual emission limitations under this subpart, the second exceedance must be independent of the criteria in paragraph (c)(1)(i) of this section.

(2) The reviewing authority may not request the owner or operator to review and revise the plan more than twice in any 12 consecutive month period for any particular emission point unless the reviewing authority disapproves the plan according to the provisions in paragraph (d)(6) of this section.

(3) If the certified observer calculates that a second exceedance (or, if applicable, a second independent exceedance) has occurred, the certified observer shall notify the owner or operator. No later than 10 days after receipt of such a notification, the owner or operator shall notify the reviewing authority of any finding of whether work practices are related to the cause or the solution of the problem. The notification is subject to review by the reviewing authority according to the provisions in paragraph (d)(6) of this section.

(4) The owner or operator shall submit a revised work practice plan within 60 days of notification from the reviewing authority under paragraph (d)(1) of this section, unless the reviewing authority grants an extension of time to submit the revised plan.

(5) If the reviewing authority requires a plan revision, the reviewing authority may require the plan to address a subject area or areas in addition to those in paragraph (b) of this section, if the reviewing authority determines that without plan coverage of such an additional subject area, there is a reasonable probability of further exceedances of the visible emission limitation for the emission point for which a plan revision is required.

(6) The reviewing authority may disapprove a plan revision required under paragraph (d) of this section if the reviewing authority determines that the revised plan is inadequate to prevent exceedances of the visible emission limitation under this subpart for the emission point for which a plan revision is required or, in the case of a battery not subject to visual emission limitations under this subpart, other federally enforceable emission limitations for such emission point. The reviewing authority may also disapprove the finding that may be submitted pursuant to paragraph (d)(3) of this section if the reviewing authority determines that a revised plan is needed to prevent exceedances of the applicable visible emission limitations.

■ 9. Section 63.309 is amended by revising paragraph (a)(5)(i) to read as follows:

**§ 63.309   Performance tests and procedures.**

(a) *   *   *

(5)(i) The EPA shall be the enforcement agency during any period of time that a delegation of enforcement authority is not in effect or a withdrawal of enforcement authority under § 63.313 is in effect, and the Administrator is responsible for performing the inspections required by this section, pursuant to § 63.313(c).

*   *   *   *   *

■ 10. Section 63.313 is revised to read as follows:

**§ 63.313   Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (d) of this section are retained by the Administrator and cannot be transferred to the State, local, or Tribal agency.

(c) Withdrawal of authority:

(1) Whenever the Administrator learns that a delegated agency has not fully carried out the inspections and performance tests required under § 63.309 for each applicable emission point of each battery each day, the Administrator shall immediately notify the agency. Unless the delegated agency demonstrates to the Administrator's satisfaction within 15 days of notification that the agency is consistently carrying out the inspections and performance tests required under § 63.309 in the manner specified in the preceding sentence, the Administrator shall notify the coke oven battery owner or operator that inspections and performance tests shall be carried out according to § 63.309(a)(5). When the Administrator determines that the delegated agency is prepared to consistently perform all the required inspections and performance tests each day, the Administrator shall give the coke oven battery owner or operator at least 15 days notice that implementation will revert to the previously delegated agency.

(2) In addition to the provisions in paragraph (c)(1) of this section, the Administrator may also withdraw delegation of authority pursuant to the provisions of § 63.96 of subpart E of this part.

(d) The authorities that cannot be delegated to State, local, or Tribal

agencies are as specified in paragraphs (d)(1) through (5) of this section.

(1) Approval of alternatives to the requirements in §§ 63.300 and 63.302 through 63.308 (except the authorities in 63.306(a)(2) and (d)).

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of any changes to section 2 of Method 303 in appendix A of this part.

(4) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(5) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart M—[Amended]

■ 11. Section 63.326 is added to Subpart M to read as follows:

### § 63.326   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.320 and 63.322(a) through (j). Follow the requirements in § 63.325 to demonstrate that alternative equipment or procedures are equivalent to the requirements of § 63.322.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart N—[Amended]

■ 12. Section 63.342 is amended:
■ a. By revising paragraph (f) introductory text.
■ b. Revising paragraph (f)(3)(i) introductory text.
■ c. Revising paragraphs (f)(3)(i)(B) and (C).
■ d. Revising the headings for Table 1 and its columns.
■ The revisions read as follows:

### § 63.342   Standards.

\*    \*    \*    \*    \*

(f) *Operation and maintenance practices.* All owners or operators subject to the standards in paragraphs (c) and (d) of this section are subject to these operation and maintenance practices.

\*    \*    \*    \*    \*

(3) *Operation and maintenance plan.*

(i) The owner or operator of an affected source subject to paragraph (f) of this section shall prepare an operation and maintenance plan to be implemented no later than the compliance date, except for hard chromium electroplaters and the chromium anodizing operations in California which have until January 25, 1998. The plan shall be incorporated by reference into the source's title V permit, if and when a title V permit is required. The plan shall include the following elements:

\*    \*    \*    \*    \*

(B) For sources using an add-on control device or monitoring equipment to comply with this subpart, the plan shall incorporate the operation and maintenance practices for that device or monitoring equipment, as identified in Table 1 of this section, if the specific equipment used is identified in Table 1 of this section;

(C) If the specific equipment used is not identified in Table 1 of this section, the plan shall incorporate proposed operation and maintenance practices. These proposed operation and maintenance practices shall be submitted for approval as part of the submittal required under § 63.343(d);

\*    \*    \*    \*    \*

**TABLE 1 TO § 63.342.—SUMMARY OF OPERATION AND MAINTENANCE PRACTICES**

| Control technique | Operation and maintenance practices | | | | Frequency | |
|---|---|---|---|---|---|---|
| \* | \* | \* | \* | \* | \* | \* |

■ 13. Section 63.343 is amended by revising paragraph (d) to read as follows:

### § 63.343   Compliance provisions.

\*    \*    \*    \*    \*

(d) An owner or operator who uses an air pollution control device not listed in this section shall submit a description of the device, test results collected in accordance with § 63.344(c) verifying the performance of the device for reducing chromium emissions to the atmosphere to the level required by this subpart, a copy of the operation and maintenance plan referenced in § 63.342(f) including operation and maintenance practices, and appropriate operating parameters that will be monitored to establish continuous compliance with the standards. The monitoring plan submitted identifying the continuous compliance monitoring is subject to the Administrator's approval.

■ 14. Section 63.348 is added to Subpart N to read as follows:

### § 63.348   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.340, 63.342(a) through (e) and (g), and 63.343(a).

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart O—[Amended]

■ 15. Section 63.368 is added to Subpart O to read as follows:

### § 63.368  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.360 and 63.362.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart Q—[Amended]

■ 16. Section 63.407 is added to Subpart Q to read as follows:

### § 63.407  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.400 and 63.402 through 63.403.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart R—[Amended]

■ 17. Section 63.429 is revised to read as follows:

### § 63.429  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the

Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.420, 63.422 through 63.423, and 63.424. Any owner or operator requesting to use an alternative means of emission limitation for storage vessels covered by § 63.423 must follow the procedures in § 63.426.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart, and any alternatives to § 63.427(a)(1) through (4) per § 63.427(a)(5).

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart S—[Amended]

■ 18. Section 63.450 is amended by revising paragraph (d)(1) to read as follows:

### § 63.450  Standards for enclosures and closed-vent systems.

*       *       *       *       *

(d) * * *

(1) On each bypass line, the owner or operator shall install, calibrate, maintain, and operate according to the manufacturer's specifications a flow indicator that is capable of taking periodic readings as frequently as specified in § 63.454(e). The flow indicator shall be installed in the bypass line in such a way as to indicate flow in the bypass line; or

*       *       *       *       *

■ 19. Section 63.454 is amended by revising paragraph (e) to read as follows:

### § 63.454  Recordkeeping requirements.

*       *       *       *       *

(e) The owner or operator shall set the flow indicator on each bypass line specified in § 63.450(d)(1) to provide a record of the presence of gas stream flow in the bypass line at least once every 15 minutes.

*       *       *       *       *

■ 20. Section 63.458 is revised to read as follows:

### § 63.458  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency.

If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.440, 63.443 through 63.447 and 63.450. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart.

(2) Approval of alternatives to using §§ 63.457(b)(5)(iii), 63.457(c)(3)(ii) through (iii), and 63.257(c)(5)(ii), and any major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of alternatives using § 64.453(m) and any major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

### Subpart T—[Amended]

■ 21. Section 63.460 is amended by removing and reserving paragraph (f).

■ 22. Section 63.462 is amended by adding paragraph (e) to read as follows:

### § 63.462  Batch cold cleaning machine standards.

\* \* \* \* \*

(e) Each owner or operator subject to the requirements of paragraph (c)(1) through (8) of this section may request to use measures other than those described in these paragraphs. The owner or operator must demonstrate to the Administrator (or delegated State, local, or Tribal authority) that the alternative measures will result in equivalent or better emissions control compared to the measures described in paragraphs (c)(1) through (8) of this section. For example, storing solvent

and solvent-laden materials in an enclosed area that is ventilated to a solvent recovery or destruction device may be considered an acceptable alternative.

■ 23. Section 63.463 is amended by revising paragraph (e)(2)(ix)(B) to read as follows:

### § 63.463  Batch vapor and in-line cleaning machine standards.

\* \* \* \* \*

(e) \* \* \*

(2) \* \* \*

(ix) \* \* \*

(B) Conduct the weekly monitoring required by § 63.466(a)(3). Record the results required by § 63.467(a)(6).

\* \* \* \* \*

■ 24. Section 63.467 is amended by revising paragraph (a)(6) to read as follows:

### § 63.467  Recordkeeping requirements.

(a) \* \* \*

(6) If a squeegee system is used to comply with these standards, records of the test required by § 63.466(f) to determine the maximum product throughput for the squeegees and records of both the weekly monitoring required by § 63.466(a)(3) for visual inspection and the length of continuous web product cleaned during the previous week.

\* \* \* \* \*

■ 25. Section 63.470 is added to Subpart T to read as follows:

### § 63.470  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.460, 63.462(a)

through (d), and 63.463 through 63.464 (except for the authorities in § 63.463(d)(9)). Use the procedures in § 63.469 to request the use of alternative equipment or procedures.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

### Subpart U—[Amended]

■ 26. Section 63.507 is added to Subpart U to read as follows:

### § 63.507  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.480 through 63.481, 63.483(a) through (c), 63.484, 63.485(a) through (k), (m) through (s), (u), 63.486 through 63.487, 63.488(a), (b)(1) through (4), (5)(iv) through (v), (6) through (7), (c) through (i), 63.493 through 63.494, 63.500(a)(1) through (3), (b), 63.501, 63.502(a) through (f), (i), (k) through (m), and 63.503. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart W—[Amended]

■ 27. Section 63.529 is added to Subpart W to read as follows:

### § 63.529    Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.520, 63.521, 63.523, and 63.524. Where these standards reference another rule, the cited provisions in that rule will be delegated according to the delegation provisions of that rule.

(2) Approval of major alternatives to test methods for under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart X—[Amended]

■ 28. Section 63.545 is amended by revising paragraph (c) introductory text and adding paragraph (f) to read as follows:

### § 63.545    Standards for fugitive dust sources.

\*    \*    \*    \*    \*

(c) The controls specified in the standard operating procedures manual shall at a minimum include the requirements of paragraphs (c)(1) through (c)(5) of this section, unless the owner or operator satisfies the requirements in paragraph (f) of this section.

\*    \*    \*    \*    \*

(f) Demonstrate to the Administrator (or delegated State, local, or Tribal authority) that an alternative measure(s) is equivalent or better than a practice(s) described in paragraphs (c)(1) through (c)(5) of this section.

■ 29. Section 63.551 is added to Subpart X to read as follows:

### § 63.551    Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.541, 63.543 through 63.544, 63.545(a) and (c) through (e), and 63.546.

(2) Approval of major alternatives to test methods for under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart Y—[Amended]

■ 30. Section 63.562 is amended by removing paragraph (d)(3).

■ 31. Section 63.567 is amended by adding paragraph (l) to read as follows:

### § 63.567    Recordkeeping and reporting requirements.

\*    \*    \*    \*    \*

(l) The owner or operator of the VMT source required by § 63.562(d)(2)(iv) to develop a program, shall submit annual reports on or before January 31 of each year to the Administrator certifying the annual average daily loading rate for the previous calendar year. Beginning on January 31, 1996, for the reported year 1995, the annual report shall specify the annual average daily loading rate over all loading berths. Beginning on January 31, 1999, for the reported year 1998, the annual report shall specify the annual average daily loading rate over all loading berths, over each loading berth equipped with a vapor collection system and control device, and over each loading berth not equipped with a vapor collection system and control device. The annual average daily loading rate under this section is calculated as the total amount of crude oil loaded during the calendar year divided by 365 days or 366 days, as appropriate.

■ 32.–33. Section 63.568 is added to Subpart Y to read as follows:

### § 63.568    Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.560 and 63.562(a) through (d).

(2) Approval of major alternatives to test methods for under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart AA—[Amended]

■ 34. Section 63.611 is added to Subpart AA to read as follows:

### § 63.611  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.600, 63.602 through 63.604, and 63.609 through 63.610.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart BB—[Amended]

■ 35. Section 63.632 is added to Subpart BB to read as follows:

### § 63.632  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.620, 63.622 through 63.624, and 63.629 through 63.631.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart CC—[Amended]

■ 36. Section 63.655 is added to Subpart CC to read as follows:

### § 63.655  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.640, 63.642(g) through (l), 63.643, and 63.646 through 63.652. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart DD—[Amended]

■ 37. Section 63.684 is amended by revising paragraph (e)(1) to read as follows:

### § 63.684  Standards: Off-Site material treatment.

\*    \*    \*    \*    \*

(e) \* \* \*

(1) A continuous monitoring system shall be installed and operated for each treatment that measures operating parameters appropriate for the treatment process technology. This system shall include a continuous recorder that records the measured values of the selected operating parameters. The monitoring equipment shall be installed, calibrated, and maintained in accordance with the equipment manufacturer's specifications. The continuous recorder shall be a data recording device that is capable of recording either an instantaneous data value at least once every 15 minutes or an average value for intervals of 15 minutes or less.

\*    \*    \*    \*    \*

■ 38. Section 63.693 is amended by revising paragraph (c)(2)(ii) to read as follows:

### § 63.693  Standards: closed-vent systems and control devices.

\*    \*    \*    \*    \*

(c) \* \* \*

(2) \* \* \*

(ii) If a seal or locking device is used to comply with paragraph (c)(2) of this section, the device shall be placed on the mechanism by which the bypass

device position is controlled (*e.g.*, valve handle, damper lever) when the bypass device is in the closed position such that the bypass device cannot be opened without breaking the seal or removing the lock. Examples of such devices include, but are not limited to, a car-seal or a lock-and-key configuration valve.

\* \* \* \* \*

■ 39. Section 63.695 is amended by revising paragraph (a)(4) and adding paragraphs (c)(1)(i)(C) and (D) to read as follows:

**§ 63.695  Inspection and monitoring requirements.**

\* \* \* \* \*

(a) \* \* \*

(4) To monitor and record off-site material treatment processes for compliance with the standards specified in 63.684(e), the monitoring procedures are specified in paragraph (e) of this section.

\* \* \* \* \*

(c) \* \* \*

(1) \* \* \*

(ii) \* \* \*

(C) The continuous monitoring system required by § 63.693(b)(4)(i) shall monitor and record either an instantaneous data value at least once every 15 minutes or an average value for intervals of 15 minutes or less.

(D) The owner or operator shall visually inspect the seal or closure mechanism required by § 63.693(c)(2)(ii) at least once every month to verify that the bypass mechanism is maintained in the closed position.

\* \* \* \* \*

■ 40. Section 63.698 is revised to read as follows:

**§ 63.698  Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal

agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.680, 63.683 through 63.691, and 63.693. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

**Subpart EE—[Amended]**

■ 41. Section 63.708 is revised to read as follows:

**§ 63.708  Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.701 and 63.703.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

**Subpart GG—[Amended]**

■ 42. Section 63.744 is amended:

■ a. By revising the first sentence of paragraph (a)(1).

■ b. By revising paragraph (a)(2).

■ c. Adding paragraph (a)(4).

The revisions and addition read as follows:

**§ 63.744  Standards: Cleaning operations.**

(a) \* \* \*

(1) Unless the owner or operator satisfies the requirements in paragraph (a)(4) of this section, place used solvent-laden cloth, paper, or any other absorbent applicators used for cleaning in bags or other closed containers. \* \* \*

(2) Unless the owner or operator satisfies the requirements in paragraph (a)(4) of this section, store fresh and spent cleaning solvents, except semi-aqueous solvent cleaners, used in aerospace cleaning operations in closed containers.

\* \* \* \* \*

(4) Demonstrate to the Administrator (or delegated State, local, or Tribal authority) that equivalent or better alternative measures are in place compared to the use of closed containers for the solvent-laden materials described in paragraph (a)(1) of this section, or the storage of solvents described in paragraph (a)(2) of this section.

\* \* \* \* \*

■ 43. Section 63.759 is added to Subpart GG to read as follows:

**§ 63.759  Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.741, 63.743, 63.744(a)(3), (b) through (e), 63.745 through 63.748, and 63.649(a).

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart HH—[Amended]

■ 44. Section 63.771 is amended by revising paragraphs (c)(3)(i)(A) and (B) to read as follows:

### § 63.771 Control equipment requirements.

\* \* \* \* \*

(c) \* \* \*

(3) \* \* \*

(i) \* \* \*

(A) At the inlet to the bypass device that could divert the stream away from the control device to the atmosphere, properly install, calibrate, maintain, and operate a flow indicator that is capable of taking periodic readings and sounding an alarm when the bypass device is open such that the stream is being, or could be, diverted away from the control device to the atmosphere; or

(B) Secure the bypass device valve installed at the inlet to the bypass device in the non-diverting position using a car-seal or a lock-and-key type configuration.

\* \* \* \* \*

■ 45. Section 63.773 is amended by revising paragraph (c)(2) introductory text and adding paragraph (c)(2)(iv) to read as follows:

### § 63.773 Inspection and monitoring requirements.

\* \* \* \* \*

(c) \* \* \*

(2) Except as provided in paragraphs (c)(5) and (6) of this section, each closed-vent system shall be inspected according to the procedures and schedule specified in paragraphs (c)(2)(i) and (ii) of this section, each cover shall be inspected according to the procedures and schedule specified in paragraph (c)(2)(iii) of this section, and each bypass device shall be inspected according to the procedures of paragraph (c)(2)(iv) of this section.

\* \* \* \* \*

(iv) For each bypass device, except as provided for in § 63.771(c)(3)(ii), the owner or operator shall either:

(A) At the inlet to the bypass device that could divert the steam away from

the control device to the atmosphere, set the flow indicator to take a reading at least once every 15 minutes; or

(B) If the bypass device valve installed at the inlet to the bypass device is secured in the non-diverting position using a car-seal or a lock-and-key type configuration, visually inspect the seal or closure mechanism at least once every month to verify that the valve is maintained in the non-diverting position and the vent stream is not diverted through the bypass device.

\* \* \* \* \*

■ 46. Section 63.776 is revised to read as follows:

### § 63.776 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.760, 63.764 through 63.766, 63.769, 63.771, and 63.777.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart II—[Amended]

■ 47. Section 63.789 is added to Subpart II to read as follows:

### § 63.789 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the

applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.780 through 63.781, and 63.783 through 63.784.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart JJ—[Amended]

■ 48. Section 63.803 is amended by revising paragraph (a) to read as follows:

### § 63.803 Work practice standards.

\* \* \* \* \*

(a) *Work practice implementation plan.*

(1) Each owner or operator of an affected source subject to this subpart shall prepare and maintain a written work practice implementation plan that defines environmentally desirable work practices for each wood furniture operation manufacturing operation and addresses each of the work practice standards presented in paragraphs (b) through (l) of this section. The plan shall be developed no more than 60 days after the compliance date.

(2) The written work practice implementation plan shall be available for inspection by the Administrator (or delegated State, local, or Tribal authority) upon request. If the Administrator (or delegated State, local, or Tribal authority) determines that the work practice implementation plan does not include sufficient mechanisms for

ensuring that the work practice standards are being implemented, the Administrator (or delegated State, local, or Tribal authority) may require the affected source to modify the plan. Revisions or modifications to the plan do not require a revision of the source's Title V permit.

(3) The inspection and maintenance plan required by paragraph (c) of this section and the formulation assessment plan for finishing operations required by paragraph (l) of this section are also reviewable by the Administrator (or delegated State, local, or Tribal authority).

\* \* \* \* \*

■ 49. Section 63.808 is revised to read as follows:

### § 63.808   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (5) of this section.

(1) Approval of alternatives to the requirements in §§ 63.800, 63.802, and 63.803(a)(1), (b), (c) introductory text, and (d) through (l).

(2) Approval of alternatives to the monitoring and compliance requirements in §§ 63.804(f)(4)(iv)(D) and (E), 63.804(g)(4)(iii)(C), 63.804(g)(4)(vi), and 63.804(g)(6)(vi).

(3) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart, as well as approval of any alternatives to the specific test methods under §§ 63.805(a), 63.805(d)(2)(v), and 63.805(e)(1).

(4) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(5) Approval of major alternatives to recordkeeping and reporting under

§ 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart KK—[Amended]

■ 50. Section 63.831 is revised to read as follows:

### § 63.831   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.820 through 63.821 and 63.823 through 63.826.

(2) Approval of alternatives to the test method for organic HAP content determination in § 63.827(b) and alternatives to the test method for volatile matter in § 63.827(c), and major alternatives to other test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart LL—[Amended]

■ 51. Section 63.853 is revised to read as follows:

### § 63.853   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this regulation. Contact the applicable U.S.

EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.840, 63.843 (with the exception of 63.843(b)(3)), 63.844, 63.845(a) introductory text, (a)(1), (b) through (e), (h), 63.846(a) through (c), and 63.847(a)(1) and (4).

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart OO—[Amended]

■ 52. Section 63.908 is added to Subpart OO to read as follows:

### § 63.908   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.900 and 63.902.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and

(f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart PP—[Amended]

■ 53. Section 63.929 is added to Subpart PP to read as follows:

### § 63.929 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.920 and 63.922 through 63.924. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart QQ—[Amended]

■ 54. Section 63.949 is added to Subpart QQ to read as follows:

### § 63.949 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.940, 63.942, and 63.943. Where these standards reference subpart DD, the cited provisions will be delegated according to the delegation provisions of subpart DD.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart RR—[Amended]

■ 55. Section 63.967 is added to Subpart RR to read as follows:

### § 63.967 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.960 and 63.962. Where these standards reference subpart DD, the cited provisions will be delegated according to the delegation provisions subpart DD of this part.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart VV—[Amended]

■ 56. Section 63.1050 is added to Subpart VV to read as follows:

### § 63.1050 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1040 and 63.1042 through 63.1045. Where these standards reference subpart DD, the cited provisions will be delegated according to the delegation provisions of subpart DD of this part.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart CCC—[Amended]

■ 57. Section 63.1166 is revised to read as follows:

### § 63.1166 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (8) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1155, 63.1157 through 63.1159, and 63.1160(a).

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of any alternative measurement methods for HCl and CL₂ to those specified in § 63.1161(d)(1).

(3) Approval of any alternative measurement methods for HCl and $CL_2$ to those specified in § 63.1161(d)(1).

(4) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(5) Approval of any alternative monitoring requirements to those specified in §§ 63.1162(a)(2) through (5) and 63.1162(b)(1) through (3).

(6) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

(7) Waiver of recordkeeping requirements specified in § 63.1165.

(8) Approval of an alternative schedule for conducting performance tests to the requirement specified in § 63.1162(a)(1).

## Subpart DDD—[Amended]

■ 58. Section 63.1195 is revised to read as follows:

### § 63.1195 Who implements and enforces this subpart?

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1177 through 63.1180.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart EEE—[Amended]

■ 59. Section 63.1214 is added to Subpart EEE to read as follows:

### § 63.1214 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to requirements in §§ 63.1200, 63.1203 through 63.1205, and 63.1206(a).

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart GGG—[Amended]

■ 60. Section 63.1261 is revised to read as follows:

### § 63.1261 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1250 and 63.1252 through 63.1256. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart HHH—[Amended]

■ 61. Section 63.1281 is amended by revising paragraphs (c)(3)(i)(A) and (B) to read as follows:

### § 63.1281  Control equipment requirements.

\*    \*    \*    \*    \*

(c) \* \* \*

(3) \* \* \*

(i) \* \* \*

(A) At the inlet to the bypass device that could divert the stream away from the control device to the atmosphere, properly install, calibrate, maintain, and operate a flow indicator that is capable of taking periodic readings and sounding an alarm when the bypass device is open such that the stream is being, or could be, diverted away from the control device to the atmosphere; or

(B) Secure the bypass device valve installed at the inlet to the bypass device in the non-diverting position using a car-seal or a lock-and-key type configuration.

\*    \*    \*    \*    \*

■ 62. Section 13.1283 is amended by revising paragraph (c)(2) introductory text and adding paragraph (c)(2)(iii) to read as follows:

### § 63.1283  Inspection and monitoring requirements.

\*    \*    \*    \*    \*

(c) \* \* \*

(2) Except as provided in paragraphs (c)(5) and (6) of this section, each closed-vent system shall be inspected according to the procedures and schedule specified in paragraphs (c)(2)(i) and (ii) of this section and each bypass device shall be inspected according to the procedures of (c)(2)(iii) of this section.

\*    \*    \*    \*    \*

(iii) For each bypass device, except as provided for in § 63.1281(c)(3)(ii), the owner or operator shall either:

(A) At the inlet to the bypass device that could divert the steam away from the control device to the atmosphere, set the flow indicator to take a reading at least once every 15 minutes; or

(B) If the bypass device valve installed at the inlet to the bypass device is secured in the non-diverting position using a car-seal or a lock-and-key type configuration, visually inspect the seal or closure mechanism at least once every month to verify that the valve is maintained in the non-diverting position and the vent stream is not diverted through the bypass device.

\*    \*    \*    \*    \*

■ 63. Section 63.1286 is revised to read as follows:

### § 63.1286  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1270, 63.1274 through 63.1275, 63.1281, and 63.1287.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart III—[Amended]

■ 64. Section 63.1309 is revised to read as follows:

### § 63.1309  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in

addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (5) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1290, 63.1291, 63.1293 through 63.1301, and 63.1305.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of alternatives to the specific monitoring requirements of § 63.1303(b)(5).

(5) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart JJJ—[Amended]

■ 65. Section 63.1336 is added to Subpart JJJ to read as follows:

### § 63.1336  Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal

**37358** **Federal Register** / Vol. 68, No. 120 / Monday, June 23, 2003 / Rules and Regulations

agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1310 through 63.1311, 63.1313 through 63.1315(a)(1) through (9), (11) through (18), (b) through (e), 63.1316, 63.1321 through 63.1322, 63.1323(a), (b)(1) through (4), (b)(5)(iv) through (v), (b)(6) through (7), (c) through (j), and 63.1328 through 63.1332. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods for under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

**Subpart LLL—[Amended]**

■ 66. Section 63.1358 is revised to read as follows:

**§ 63.1358  Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1340, 63.1342 through 63.1348, and 63.1351.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

**Subpart MMM—[Amended]**

■ 67. Section 63.1362 is amended by revising paragraphs (j)(1) and (j)(2) to read as follows:

**§ 63.1362  Standards.**

\*    \*    \*    \*    \*

(j) \* \* \*

(1) Install, calibrate, maintain, and operate a flow indicator that is capable of determining whether vent stream flow is present and taking frequent, periodic readings. Records shall be maintained as specified in § 63.1367(f)(1). The flow indicator shall be installed at the entrance to any bypass line that could divert the vent stream away from the control device to the atmosphere; or

(2) Secure the bypass line valve in the closed position with a car-seal or lock-and-key type configuration. Records shall be maintained as specified in § 63.1367(f)(2).

\*    \*    \*    \*    \*

■ 68. Section 63.1366 is amended by revising paragraph (b)(1)(xiii) to read as follows:

**§ 63.1366  Monitoring and inspection requirements.**

\*    \*    \*    \*    \*

(b) \* \* \*

(1) \* \* \*

(xiii) *Closed-vent system visual inspections.* The owner or operator shall comply with the requirements in either paragraph (b)(1)(xiii)(A) or (B) of this section:

(A) Set the flow indicator at the entrance to any bypass line that could divert the stream away from the control device to the atmosphere to take a reading at least once every 15 minutes; or

(B) If the bypass device valve installed at the inlet to the bypass device is secured in the closed position with a car-seal or lock-and-key type configuration, visually inspect the seal or closure mechanism at least once every month to verify that the valve is maintained in the closed position and the vent stream is not diverted through the bypass line.

\*    \*    \*    \*    \*

■ 69. Section 63.1369 is revised to read as follows:

**§ 63.1369  Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1360 and 63.1362 through 63.1364. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods for under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

**Subpart NNN—[Amended]**

■ 70. Section 63.1388 is added to Subpart NNN to read as follows:

**§ 63.1388  Implementation and enforcement.**

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has

delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1380, 63., and 63.1387.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart OOO—[Amended]

■ 71. Section 63.1419 is revised to read as follows:

### § 63.1419   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal

agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1400 through 63.1401 and 63.1404 through 63.1410. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart PPP—[Amended]

■ 72. Section 63.1421 is revised to read as follows:

### § 63.1421   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1420, 63.1422, 63.1424 through 63.1428, and 63.1432 through 63.1436. Where these standards reference another subpart, the cited provisions will be delegated according to the delegation provisions of the referenced subpart. Where these

standards reference another subpart and modify the requirements, the requirements shall be modified as described in this subpart. Delegation of the modified requirements will also occur according to the delegation provisions of the referenced subpart.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart RRR—[Amended]

■ 73. Section 63.1519 is revised to read as follows:

### § 63.1519   Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this regulation. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this regulation to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1500 through 63.1501 and 63.1505 through 63.1506.

(2) Approval of major alternatives to test methods for under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart TTT—[Amended]

■ 74. Section 63.1550 is revised to read as follows:

### § 63.1550 Implementation and enforcement.

(a) This subpart will be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1541, 63.1543(a) through (c), (f) through (g), and 63.1544 through 63.1545.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart VVV—[Amended]

■ 75. Section 63.1594 is revised to read as follows:

### § 63.1594 Who enforces this subpart?

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if implementation and enforcement of this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to the requirements in §§ 63.1580, 63.1583 through 63.1584, and 63.1586 through 63.1587.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

## Subpart XXX—[Amended]

■ 76. Section 63.1661 is revised to read as follows:

### § 63.1661 Implementation and enforcement.

(a) This subpart can be implemented and enforced by the U.S. EPA, or a delegated authority such as the applicable State, local, or Tribal agency. If the U.S. EPA Administrator has delegated authority to a State, local, or Tribal agency, then that agency, in addition to the U.S. EPA, has the authority to implement and enforce this subpart. Contact the applicable U.S. EPA Regional Office to find out if this subpart is delegated to a State, local, or Tribal agency.

(b) In delegating implementation and enforcement authority of this subpart to a State, local, or Tribal agency under subpart E of this part, the authorities contained in paragraph (c) of this section are retained by the Administrator of U.S. EPA and cannot be transferred to the State, local, or Tribal agency.

(c) The authorities that cannot be delegated to State, local, or Tribal agencies are as specified in paragraphs (c)(1) through (4) of this section.

(1) Approval of alternatives to requirements in §§ 63.1650 and 63.1652 through 63.1654.

(2) Approval of major alternatives to test methods under § 63.7(e)(2)(ii) and (f), as defined in § 63.90, and as required in this subpart.

(3) Approval of major alternatives to monitoring under § 63.8(f), as defined in § 63.90, and as required in this subpart.

(4) Approval of major alternatives to recordkeeping and reporting under § 63.10(f), as defined in § 63.90, and as required in this subpart.

[FR Doc. 03–14190 Filed 6–20–03; 8:45 am]
**BILLING CODE 6560–50–P**