# **EXHIBIT F**

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 2:23-cv-735 |
| v. | ) ) ) | Judge Barbier (Section: "J" (5)) |
| DENKA PERFORMANCE ELASTOMER, LLC and DUPONT SPECIALTY PRODUCTS USA, LLC. | ) ) ) ) | Magistrate Judge North |
| Defendants. | ) ) ) | |

**UNITED STATES' OPPOSITION TO
DENKA PERFORMANCE ELASTOMER, LLC'S
MOTION FOR SUMMARY JUDGMENT**

Denka, however, omits any meaningful discussion about the environmental endangerment statutes, like 42 U.S.C. § 7603, or how courts have interpreted those statutes. *Cf.* United States' Mem. In Supp. of Mot. for a Prelim. Inj. ("U.S. PI Mot.") (ECF No. 9-2) at 16-18 and 23-29 (explaining how the elements for proving an imminent and substantial endangerment are interpreted in legislative history and caselaw). Understanding these statutes and their legislative history is important because they show why Denka's arguments – such as that the EPA's rulemaking authority under 42 U.S.C. § 7412 should supplant the EPA's emergency powers under 42 U.S.C. § 7603 – are wrong.

## ARGUMENT

Denka's summary judgment motion largely ignores the law in favor of recharacterizing its previously proclaimed hotly disputed scientific questions, such as the appropriate benchmark for determining acceptable lifetime excess cancer risk; the accuracy, significance, and extent of the evidence showing Parish residents' exposure to Denka's carcinogenic chloroprene emissions; and the suitability of particular laboratory animals for evaluating chloroprene's carcinogenic potential.[4] As the Court has already recognized, these scientific issues necessarily raise key factual questions about whether Denka's chloroprene emissions are causing an imminent and substantial endangerment to public health and welfare. *See* Order at 18. Tacking on the phrase "as a matter of law" at the end of an argument does not transform the underlying factual disputes into issues that can be resolved on summary judgment. *Cf.* Denka's Mot. at 8.

---

[4] The Court previously noted that Denka's arguments about whether the EPA should have adopted Denka's alternative scientific evidence about chloroprene's carcinogenic potential involve scientific inquiries that are "central" to this case. *See* Order at 18 (ECF No. 90).

4

I.      **This case alleges an imminent and substantial endangerment; EPA's Proposed Rule made no contrary finding under 42 U.S.C. § 7412(f)(4).**

The United States alleges, based on detailed evidence, that Denka's chloroprene emissions are causing an imminent and substantial endangerment to public health and welfare. The EPA made this allegation when it filed this action under 42 U.S.C. § 7603, two months before the "Proposed Rule" was published in the *Federal Register*.[5] *See* Compl. at 1 (ECF. No. 1) (explaining that the United States filed this case "acting at the request of the Administrator of the United States Environmental Protection Agency"). The allegations in this case represent the *only* determinations the EPA has ever reached regarding whether Denka's chloroprene emissions are presenting an imminent and substantial endangerment.

When the EPA proposed amendments to several Clean Air Act rules on April 25, 2023, it neither made nor proposed to make a contradictory finding. *See* 88 Fed. Reg. 25,080 (containing no proposed determination whether imminent endangerment exists at Denka). First, the EPA certainly did not *actually make* a determination in a *proposed* rule. Denka admitted as much in its opposition to the United States' preliminary injunction motion, but is now shifting its story by repeatedly and wrongly suggesting to the Court that there already is a finalized "grant of a 2-year waiver in the Proposed Rule." *Compare* Denka's Opp. to Mot. for Prelim. Inj. at 9 (ECF No. 73) ("Denka's PI Opp.") ("EPA did not include an explicit finding") *with* Denka's Mot. at 7, 6 (the "EPA's grant"), and n.4 ("the 2-year waiver (*which EPA granted*)") (emphasis added). Second, the Proposed Rule is silent on the question of endangerment, lending no support to Denka's assertion that EPA has "already determined that the Facility's chloroprene emissions are not causing an 'imminent endangerment.'" Denka's Mot. at 5. Denka can point to no language in the Proposed Rule that constitutes a contrary finding because the Proposed Rule contains no

---

[5] *See* 88 Fed. Reg. 25,080 (Apr. 25, 2023) (the "Proposed Rule").

5

contrary finding.[6]  And that fact is more than just "the absence of 'magic words.'"  *Cf.* Denka's Mot. at 6, n.4.  Denka's argument hinges on this supposed contrary finding, and its absence is one of many reasons that Denka's motion fails.

Moreover, Denka overstates the significance of the EPA's response to the Office of Management and Budget's comment on a draft version of the Proposed Rule.  *See* Denka's Mot. at 7.  The EPA's response to OMB's comment considers only whether a two-year compliance period is necessary for multiple emission sources in several industrial emission source categories covered by the Proposed Rule to install the necessary air pollution controls.  *See* Denka's Mot. at 7.  Neither the comment nor EPA's response addresses whether carcinogenic emissions from Denka or any other covered emission source under the Proposed Rule present an imminent endangerment to public health.

II. **Denka's scant legal analysis ignores that 42 U.S.C. § 7603, consistent caselaw, and clear legislative history all support this endangerment case based on excess cancer risks.**

The plain text of 42 U.S.C. § 7603, consistent caselaw, and the clear legislative history behind the environmental endangerment statutes all support the EPA's approach in this case.  *See* U.S. PI Mot. at 16-18 (discussing the broad scope of the environmental endangerment statutes' authorities) and 25-26 (ECF No. 9-2).  Denka's incorrect interpretation that Congress allowed the EPA only one tool for addressing excess lifetime cancer risk – issuing regulations under 42 U.S.C. § 7412 – ignores the law.  Denka likewise cannot refute the EPA's authority under 42

---

[6] The Proposed Rule is a proposal.  It is not final.  When the EPA promulgates the final rule, which is expected by the end of March, after considering the public comments received, it will include appropriate compliance schedules selected for the final emission standards applicable to the affected emission sources.  *See* 42 U.S.C. § 7607(d)(6)(B); *see also id*. § 7607(b)(1) (exclusive review of the final rule is in the United States Court of Appeals for the District of Columbia Circuit).