No. 24-60351
# In the United States Court of Appeals for the Fifth Circuit

DENKA PERFORMANCE ELASTOMER LLC,
*Petitioner*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY;
AND MICHAEL S. REGAN, IN HIS OFFICIAL CAPACITY,
*Respondents*

―――――――――――――――――
On Petition for Review and Complaint
For Declaratory and Injunctive Relief
―――――――――――――――――

**THE STATE OF LOUISIANA AND THE LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY'S MOTION TO INTERVENE**

―――――――――――――――――

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

KELSEY L. SMITH
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. Third St.
Baton Rouge, LA 70802
(225) 428-7432
SmithKel@ag.louisiana.gov

## CERTIFICATE OF INTERESTED PERSONS

A certificate of interested persons is not required here because, under the fourth sentence of Fifth Circuit Rule 28.2.1, the State—as a "governmental" party—need not furnish a certificate of interested persons.

Under Federal Rules of Appellate Procedure 15(d) and 27, and Fifth Circuit Rule 15.5, the State of Louisiana, by and through Attorney General Elizabeth B. Murrill, and the Louisiana Department of Environmental Quality ("LDEQ") (collectively the "State" or "Louisiana"), move to intervene in the above-captioned case in support of Petitioner, Denka Performance Elastomer LLC ("DPE").

The Environmental Protection Agency ("EPA") recently promulgated a final rule ("Final Rule") under the Clean Air Act ("CAA") that requires DPE to design, purchase, and install equipment and implement a series of stringent emission controls. *New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emissions Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry*, 89 Fed. Reg. 42,932 (May 16, 2024). The Final Rule sets an unrealistic deadline for compliance, requiring all new controls to be implemented by October 15, 2024—a mere five months after the Final Rule's promulgation. *Id.* at 42,955, 43,236–37.

On June 27, 2024, LDEQ—acting pursuant to delegated authority—granted DPE a two-year extension of time ("Extension") to comply with the Final Rule, making the new compliance date July 15, 2026. *See* 40 C.F.R. Part 63, Subpart E; 63.9(i)(9). In a subsequent legal filing, EPA declared the Extension "ineffectual," thereby (a) ignoring Louisiana's long-held authority to govern air emissions within the State and (b) generating uncertainty over the Extension's force, which will require DPE to implement the controls by the original deadline or face potential civil and criminal actions. *See Respondents' Opposition to Motion to Stay Final Rule* at 7–8 n.2, *DPE v. EPA*, No. 24-1135 (D.C. Cir. filed June 11, 2024) (Doc. #2059123).

DPE's Petition for Review and Complaint, along with the Emergency Motion for Stay Pending Review, challenge EPA's determination that the Extension is ineffectual. Louisiana, therefore, respectfully requests that the Court grant this motion to intervene and permit the State to defend its lawful Extension in briefing and oral argument. DPE does not oppose an intervention by Louisiana. The State requested EPA's position on its intervention on Friday, July 12, 2024, but has not received a response at the time of filing.

\* \* \*

Federal Rule of Appellate Procedure Rule 15(d)—which governs petitions for review of an agency order—provides that, "[u]nless a statute provides another method, a person who wants to intervene in a proceeding under this rule must file a motion for leave to intervene with the circuit clerk and serve a copy on all parties." Fed. R. App. P. 15(d). Such a motion "must contain a concise statement of the interest of the moving party and the grounds for intervention." *Id.*; *see also Texas v. U.S. Dep't of Energy*, 754 F.2d 550, 551 (5th Cir. 1985). In addition, this Court's Rule 15.5 explains that a Rule 15(d) motion "should be filed promptly after the petition for review of the agency proceeding is filed, but not later than 14 days prior to the due date of the brief of the party supported by the intervenor." 5th Cir. R. 15.5; *see also Texas*, 754 F.2d at 551–52. Here, the State's motion to intervene is both timely and squarely supported by Louisiana's direct interest in the outcome of this litigation.

*First*, the State's motion to intervene is timely. It is "filed promptly after the petition for review of the agency proceeding is filed," 5th Cir. R. 15.5—approximately four days after the Petition was filed in this Court. It was also filed "not later than 14 days prior to the due date of [DPE's]

4

brief" on the merits. *Id.* Indeed, the Court has not yet set a briefing schedule and no party has filed merits briefing. Accordingly, the State's intervention will not prejudice the Court or the parties.

*Second*, the State's interest in the Petition and Complaint—and preservation of the Extension—is direct and unique. LDEQ is the primary State agency concerned with environmental protection and regulation. It granted the Extension, demonstrating the clearest possible interest in the validity of the Extension. Moreover, and more broadly, the State itself has a profound interest in the Extension. Indeed, EPA's original 90-day compliance requirement would virtually ensure the shutdown of the DPE facility, jeopardize the jobs of hundreds of employees and contractors within the State, and significantly impact the local and State economies.

Because Louisiana granted the Extension pursuant to its delegated authority under the CAA, there is no doubt that the State has a "'direct, substantial, [and] legally protectable'" interest "in the subject matter of [this] action." *See Sierra Club v. Espy*, 18 F.3d 1202, 1207 (5th Cir. 1994) (alteration in original) (citation omitted). If this Court blesses EPA's rejection of the Extension, moreover, that plainly threatens to practically

5

impair Louisiana's interest. *See Brumfield v. Dodd*, 749 F.3d 339, 344 (5th Cir. 2014).

Finally, DPE does not adequately represent Louisiana. The concept of inadequate representation presents a "minimal" burden, *Sierra Club*, 18 F.3d at 1207, that is easily met here because Louisiana's and DPE's "interests [do] not align precisely," *Brumfield*, 749 F.3d at 345. DPE is concerned only with the compliance date for chloroprene requirements under 40 C.F.R. 63, Subpart U. Louisiana shares this concern but must focus on the larger picture—EPA's ability to override LDEQ's authority to grant extensions under the CAA. Because DPE, of course, does not share those interests, DPE is not an adequate representative of Louisiana's interests. *Cf. Sierra Club*, 18 F.3d at 1208 (government's representation of "the broad public interest" was inadequate to represent "the economic concerns of the timber industry").

\*   \*   \*

For these reasons, Louisiana respectfully requests that this Court grant the State's motion to intervene.

Respectfully submitted,

ELIZABETH B. MURRILL
Attorney General of Louisiana

J. BENJAMIN AGUIÑAGA
Solicitor General

*/s/ Kelsey L. Smith*
KELSEY L. SMITH
Deputy Solicitor General

OFFICE OF THE ATTORNEY GENERAL
1885 N. Third St.
Baton Rouge, LA 70802
(225) 428-7432
SmithKel@ag.louisiana.gov

# CERTIFICATE OF SERVICE

I certify that on July 15, 2024, I filed the foregoing brief with the Court's CM/ECF system, which will automatically send an electronic notice of filing to all counsel of record, and with copies of the forgoing served on the following recipients.

By mail:

Correspondence Control Unit
Office of General Counsel (2311)
U.S. ENVIRONMENTAL PROTECTION AGENCY
1200 Pennsylvania Avenue, NW
Washington, DC 20460

Dated:　July 15, 2024

*/s/ Kelsey L. Smith*
KELSEY L. SMITH

## CERTIFICATE OF COMPLIANCE

Pursuant to Fifth Circuit Rule 32.3, the undersigned certifies that this motion complies with:

(1) the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2) because it contains 952 words; and

(2) the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because it has been prepared in a proportionally spaced typeface (14-point Century Schoolbook) using Microsoft Word 2016 (the same program used to calculate the word count).

                                                                 */s/ Kelsey L. Smith*
                                                                 Kelsey L. Smith

Dated:   July 15, 2024