## NOTICE OF FORM FOR APPEARANCE (See Fifth Cir. Rule 12)

*Only attorneys admitted to the Bar of this Court may practice before the Court.* **Each attorney representing a party must complete a separate form. (COMPLETE ENTIRE FORM unless otherwise noted).**

Fifth Cir. Case NO. __24-60351__

__DENKA PERFORMANCE ELASTOMER LLC__ vs. __EPA__
(Short Title)

The Clerk will enter my appearance as Counsel for __DENKA PERFORMANCE ELASTOMER LLC__

(Please list names of all parties represented, attach additional pages if necessary.)
**The party(s) I represent IN THIS COURT**  ☒ Petitioner(s)  ☐ Respondent(s)  ☐ Amicus Curiae
☐ Appellant(s)  ☐ Appellee(s)  ☐ Intervenor

☒ I certify that the contact information below is current and identical to that listed in my Appellate Filer Account with PACER.

__/s/ Jeffrey L. Oldham__                        __jeff.oldham@bracewell.com__
(Signature)                                       (e-mail address)

__Jeffrey L. Oldham__                             __Texas / 24051132__
(Type or print name)                              (State/Bar No.)

__Partner__
(Title, if any)

__Bracewell LLP__
(Firm or Organization)

Address __711 Louisiana, Suite 2300__

City & State __Houston, Texas__                    Zip __77002__

Primary Tel. __713.221.1225__   Cell Phone: __713.377.1917__   (Optional)

**NOTE:** When more than one attorney represents a single party or group of parties, counsel should designate a lead counsel. In the event the court determines oral argument is necessary, lead counsel **only** will receive via e-mail a copy of the court's docket and acknowledgment form. Other counsel must monitor the court's website for the posting of oral argument calendars.

**Name of Lead Counsel:** __David A. Super__

A. Name of any Circuit Judge of the Fifth Circuit who participated in this case in the district or bankruptcy court.
_____

B. Inquiry of Counsel. To your knowledge:
   (1) Is there any case now pending in this court, which involves the same, substantially the same, similar or related isssue(s)?
       ☐ Yes   ☒ No
   (2) Is there any such case now pending in a District Court (i) within this Circuit, or (ii) in a Federal Administrative Agency which would likely be appealed to the Fifth Circuit?
       ☒ Yes   ☐ No
   (3) Is there any case such as (1) or (2) in which judgment or order has been entered and the case is on its way to this Court by appeal, petition to enforce, review, deny?
       ☐ Yes   ☒ No
   (4) Does this case qualify for calendaring priority under 5th Cir. R. 47.7? If so, cite the type of case __Emergency Mtn for Stay__

If answer to (1), or (2), or (3), is yes, please give detailed information. Number and Style of Related Case:
__SEE Addendum__
_____

Name of Court or Agency _____

Status of Appeal (if any) _____

Other Status (if not appealed) _____

**NOTE:** Attach sheet to give further details.                    DKT-5A REVISED June 2023

Addendum to Notice of Form for Entry of Appearance, Topic B(2)

There is a related case pending in the United States District Court for the Eastern District of Louisiana captioned *EPA v. Denka Performance Elastomer LLC*, No. 2:23-cv-00735 (E.D. La.) ("Section 303 Litigation"). In the Section 303 Litigation, filed on February 28, 2023, under EPA's emergency authority Section 303 of the Clean Air Act, EPA alleges that the Facility's chloroprene emissions are causing an "imminent and substantial endangerment," and EPA seeks an injunction requiring DPE to shut down the Facility immediately and not resume production until DPE can demonstrate its ability to maintain chloroprene concentrations below 0.2 μg/m$^3$ or 0.3 μg/m$^3$ depending on the monitoring method. In the Section 303 Litigation, the district court has indicated its intent to assess the validity of the scientific evidence underlying EPA's claims at trial. *United States v. DPE*, No. 2:23-cv-00735 (E.D. La.), R. Doc. 90 at 18 ("Although the Court has dismissed Denka's claims under the APA, Denka may still challenge the science behind the United States' Section 303 action.").

On February 12, 2024, after having demanded expedited litigation on the alleged "emergency" for nearly a year, EPA moved for an indefinite continuance of the March 2024 trial date in the Section 303 Litigation. To justify the continuance, EPA pointed to its expected issuance, by March 29, 2024, of the Final Rule that is relevant to this action. On February 16, 2024, the district court granted EPA's unopposed continuance in the Section 303 Litigation, directing the parties to advise the court when the Final Rule is published after which the Court would set a status conference to discuss a new trial date. *United States v. DPE*, No. 2:23-cv-00735 (E.D. La.), R. Doc. 169. On May 16, 2024, the Final Rule was published in the Federal Register at 89 Fed. Reg. 42,932. On May 28, 2024, the parties filed with the district court a joint notice of publication of the Final Rule. The district court has set a status conference for July 17, 2024.