**NOT SCHEDULED FOR ORAL ARGUMENT**

Case No. 24-60351

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————

DENKA PERFORMANCE ELASTOMER, LLC,

*Petitioner,*

STATE OF LOUISIANA, ET AL.,

*Intervenors,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ET AL.,

*Respondents.*

———————

ON PETITION FOR REVIEW OF AGENCY ACTION OF THE
UNITED STATES ENVIRONMENTAL PROTECTION AGENCY

———————

**RESPONDENTS' OPPOSITION TO PETITIONER'S MOTION TO
SUPPLEMENT OR COMPLETE ADMINISTRATIVE RECORD**

———————

TODD KIM
*Assistant Attorney General*

*Of Counsel:*
MICHAEL THRIFT                    ALEXANDER M. PURPURO
HALI KERR                              BRANDON N. ADKINS
  Office of the General Counsel        *Attorneys, Env. Defense Section*
  U.S. Environmental Protection      Environment & Natural Resources
  Agency                                Division
  Washington, DC                      U.S. Department of Justice
                                    P.O. Box 7611
                                    Washington, D.C.  20044
                                    (202) 514-9771
                                    Alexander.Purpuro@usdoj.gov
                                    Brandon.Adkins@usdoj.gov

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................. ii

ARGUMENT ...................................................................................... 1

I.     The D.C. Circuit Brief is the Sole Agency Action for Which Denka Petitioned for Review. ........................................................... 2

II.    EPA's Certified Record is Presumptively Complete. ......................... 5

III.   Denka has Not Shown Why the Administrative Record Should be Completed or Supplemented. ...................................................... 8

        A.     Completing and Supplementing the Record Involve Distinct Legal Standards. .......................................................... 8

        B.     There is No Reason to Augment the Administrative Record with Documents that Post-Date the June 11th Brief. ...................................................................... 10

        C.     Denka's Merits Arguments Are No Basis to Supplement the Certified Record. ............................................................. 11

        D.     Denka's Speculation that EPA Considered Other Unidentified Documents Fails to Overcome the Presumption of Completeness. .............................................. 13

CONCLUSION ................................................................................ 15

# TABLE OF AUTHORITIES

## Cases

*10 Ring Precision, Inc. v. Jones*,
  722 F.3d 711 (5th Cir. 2013) ....................................................6, 8, 13

*Alaska Dep't of Env't Conservation v. EPA*,
  540 U.S. 461 (2004) ........................................................................ 5

*Am. Wildlands v. Kempthorne*,
  530 F.3d 991 (D.C. Cir. 2008) ........................................................ 9

*Bartell Ranch LLC v. McCullough*,
  No. 21-00080, 2021 WL 6118738 (D. Nev. Dec. 27, 2021)................12

*Blue Mountains Biodiversity Project v. Jeffries*,
  99 F.4th 438 (9th Cir. 2024) ....................................................13, 14

*Entravision Holdings, LLC v. FCC*,
  202 F.3d 311 (D.C. Cir. 2000) ........................................................ 5

*Geyen v. Marsh*,
  775 F.2d 1303 (5th Cir. 1985) ....................................................6, 10

*Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Eng'rs*,
  No. 13-126, 2015 WL 1883522 (S.D. Tex. Apr. 20, 2015) ......................9, 10, 11

*In re U.S. Dep't of Def. v. U.S. Dep't of Def.*,
  No. 15-3751, 2016 WL 5845712 (6th Cir. Oct. 4, 2016)....................14

*Knight v. U.S. Army Corps of Eng'rs*,
  No. 18-352, 2019 WL 3413423 (E.D. Tex. July 29, 2019) ................ 6

*Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*,
  602 F.3d 687 (5th Cir. 2010) ......................................................6, 9

*Midcoast Fishermen's Ass'n v. Gutierrez*,
  592 F. Supp. 2d 40 (D.D.C. 2017) ....................................................11

*Nat'l Archives & Recs. Admin. v. Favish*,
  541 U.S. 157 (2004) ........................................................................ 6

*Norton v. S. Utah Wilderness All.*,
   542 U.S. 55 (2004) ........................................................................... 4

*NRDC v. Doremus*,
   No. 20-1150, 2021 WL 2322349 (D.D.C. June 7, 2021) ................................9, 13

*Oceana, Inc. v. Ross*,
   920 F.3d 855 (D.C. Cir. 2019) ...............................................................14

*Open Soc'y Inst. v. U.S. Citizenship & Immigr. Servs.*,
   573 F. Supp. 3d 294 (D.D.C. 2021) ....................................................... 8

*Sara Lee Corp. v. Am. Bakers Ass'n*,
   252 F.R.D. 31 (D.D.C. 2008)...............................................................12

*Skelton v. U.S. Postal Serv.*,
   678 F.2d 35 (5th Cir. 1982) ................................................................14

*Standing Rock Sioux Tribe v. U.S. Army Corps of Eng'rs*,
   255 F. Supp. 3d 101 (D.D.C. 2017), *aff'd*, 985 F.3d 1032 (D.C. Cir. 2021) .......12

*Suffolk Cnty. v. Sec'y of Interior*,
   562 F.2d 1368 (2d Cir. 1977)...............................................................14

*Tex. Gen. Land Off. v. Biden*,
   No. 21-00272, 2023 WL 2733388 (S.D. Tex. Mar. 31, 2023)...........................14

*Whitman v. Am. Trucking Ass'ns*,
   531 U.S. 457 (2001) ........................................................................ 4

## Statutes

28 U.S.C. § 2401................................................................................ 1

42 U.S.C. § 7607................................................................................1, 2, 4, 5

**Federal Rules of Appellate Procedure**

Fed. R. App. P. 15................................................................................ 3

Fed. R. App. P. 16................................................................................ 6

**Fifth Circuit Rule**

5th Cir. R. 15.1(b)............................................................................... 2

This highly unusual lawsuit has spawned a highly unusual dispute over the contents of the administrative record for judicial review that the United States Environmental Protection Agency ("EPA") certified. For the reasons stated herein, the Court should deny the motion of Denka Performance Elastomer, LLC, to supplement or complete the administrative record.[1]

## ARGUMENT

Denka invoked this Court's original jurisdiction on the basis that "this action challenges a final action of the [EPA] Administrator" under the Clean Air Act. Pet. & Compl. ¶ 15; *see also* 42 U.S.C. § 7607(b)(1) (providing for review by regional courts of appeals of certain "final action[s] of the Administrator"). If, in fact, Denka contests a final action (a proposition that EPA disputes), the proper scope of the administrative record—and, accordingly, the question whether Denka is correct that EPA's certified record must be completed or supplemented—turns first and foremost on what "final action" Denka challenges. As explained below, the petition for review challenges only a footnote in a legal brief filed in the United States Court of Appeals for the District of Columbia Circuit on behalf of EPA by the United States Department of Justice. EPA certified a record for the Court's review of that "action." That record is complete and appropriate for consideration

---

[1]    EPA takes no position on Denka's motion to amend the briefing schedule.

of the pure legal issue that Denka presents. Denka offers no good reason why the record in this case should be augmented. Instead, it improperly seeks to expand, through its records motion, that final action in contravention of the Clean Air Act, judicial precedent, and common sense.

## I.     The D.C. Circuit Brief is the Sole Agency Action for Which Denka Petitioned for Review.

By rule of this Court, a petition for review of agency action must "[a]ttach a copy of the order or orders to be reviewed" to avoid any confusion as to the action challenged. 5th Cir. R. 15.1(b). Of the fourteen exhibits attached to Denka's petition, nine are documents created by the federal government: eight documents authored by EPA, and one D.C. Circuit brief filed by the Justice Department. Pet. & Compl. vii–viii (exhibit list). Of those nine documents, just three—the D.C. Circuit brief, a rule proposed by EPA in April 2023, and the rule EPA subsequently published in May 2024—had issued within any potentially applicable limitations period and thus conceivably could have been the subject of a Clean Air Act petition. *See* 28 U.S.C. § 2401(a) (six-year limitations period); 42 U.S.C. § 7607(b)(1) (60-day limitations period). The proposed rule is definitionally not final agency action. And, in the body of its petition, Denka repeatedly and unambiguously ruled out one of the other two documents: EPA's May 2024 rule is "before the D.C. Circuit and not challenged in this action." Pet. & Compl. ¶ 9; *accord id.* ¶¶ 45, 54.

2

That leaves only one possible subject of judicial review in this Court: the
legal brief that the Justice Department filed on EPA's behalf in the D.C. Circuit on
June 11, 2024. Indeed, the petition identifies that brief as declaring for the first
time "EPA's final position" on the legal question that Denka wants reviewed, *id.*
¶ 6, and Denka quotes that brief as encapsulating "a real, concrete, and substantial
dispute between the parties," *id.* ¶ 42. Thus, while Denka failed in its obligation to
"specify the order or part thereof to be reviewed" in the body of its petition, Fed.
R. App. P. 15(a)(2)(C), it is evident from context that the petition treats the D.C.
Circuit brief as the challenged "final action." Denka's petition admits of no other
plausible construction.

Now, having fended off EPA's motion to dismiss (through a summary order
by a divided motions panel), Denka turns the tables. What the petition described as
the "definitive[] . . . statement of EPA's final position," Pet. & Compl. ¶ 6,
Denka's motion now recasts as simply "EPA's initial public statement" of position,
Mot. 3, ECF No. 73. The petition "challeng[ing] *a* final action," Pet. & Compl.
¶ 15 (emphasis added), now expands to encompass "multiple statements [by EPA]
on the issue," Mot. 6.[2] And, crucially, none of the statements are the "final action"

_____

[2]      The other "statements," apart from the D.C. Circuit brief featured in the
petition, are "EPA's failure to substantively respond" to a demand letter from
Denka, and a "representation by EPA counsel during [a] status conference in [a]
                                                                        *Cont.*

3

of which Denka now claims to seek judicial review; the statements are mere "evidence[]," a series of outward manifestations, of some internal "determination" of law that EPA reached at some undefined point in time. Mot. 5

The flaws in Denka's position are not easily obscured. The Clean Air Act's "final action" requirement, like its Administrative Procedure Act analogue, does more than ensure that "EPA has rendered its last word on the matter in question" before judicial review starts; it also anchors judicial review to EPA's "exercise [of] power," rather than the legal determinations that underlie its exercise. *Whitman v. Am. Trucking Ass'ns*, 531 U.S. 457, 478 (2001) (quotation marks and citation omitted). An agency's view on a legal question—no matter how definitive, or how important—is not a "circumscribed, discrete agency action[]" eligible for judicial review. *Norton*, 542 U.S. at 62. Congress has directed that EPA's views on Clean Air Act issues must be reduced to "final action" before courts can intercede. 42 U.S.C. § 7607(b)(1).

Denka tries to invert this structure, and to challenge the government's legal position *qua* position as opposed to any of the three "statements" Denka's motion

---

related action in [the] Eastern District of Louisiana." Mot. 5. EPA's non-response to Denka's letter is not challengeable as a "failure to act" because no law required EPA to respond. *See Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2005). And counsel's statements at the district court status conference cannot be the action challenged in Denka's petition, not least because those statements postdate the petition.

now identifies: the legal brief, the non-response to Denka's letter, and the status-conference statement. Mot. 5. But as explained, Denka's theory is plainly inconsistent with the jurisdictional requirements of the Clean Air Act. Moreover, Denka's petition fails to explain that it seeks to challenge an agency legal position *in vacuo*. *See Entravision Holdings, LLC v. FCC*, 202 F.3d 311, 312 (D.C. Cir. 2000) (noting that, under Federal Rule of Appellate Procedure 15(a), "[f]ailure to specify the correct order can result in dismissal of the petition"). Denka articulates no procedural or jurisdictional basis by which this Court can or should review such an unspecified position.

Denka's new theory, conjured since the earlier motions panel ruling, that its Clean Air Act petition challenges EPA's legal position *in vacuo* is untenable. After rejecting that new theory, this Court should deny the motion to complete or supplement the administrative record.

## II.     EPA's Certified Record is Presumptively Complete.

The Administrative Procedure Act supplies the standard of judicial review,[3] and that review "is limited to the record before the agency at the time of its

---

[3]     Denka's petition mistakenly asserts that 42 U.S.C. § 7607(d)(9)(A) supplies the standard of review. Pet. & Compl. ¶ 62. That Clean Air Act provision applies only to specific EPA actions that are not at issue even under Denka's theory of the case. *See* 42 U.S.C. § 7607(d)(1) (enumerating actions for which subsection (d) applies); *Alaska Dep't of Env't Conservation v. EPA*, 540 U.S. 461, 496 n.18 (2004).

decision." *Geyen v. Marsh*, 775 F.2d 1303, 1309 (5th Cir. 1985). "The record

consists of the order involved, any findings or reports on which that order is based,

and 'the pleadings, evidence, and other parts of the proceedings before the

agency.'" *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687,

706 (5th Cir. 2010) (quoting Fed. R. App. P. 16(a)). The Court presumes the record

EPA certifies is complete, absent clear and convincing evidence to the contrary.

*See Nat'l Archives & Recs. Admin. v. Favish*, 541 U.S. 157, 159 (2004) (holding

that where the presumption of regularity is applicable "clear evidence is usually

required to displace it"); *10 Ring Precision, Inc. v. Jones*, 722 F.3d 711, 725 n.79

(5th Cir. 2013) ("In the absence of clear and convincing evidence to the contrary, a

presumption of regularity attaches to the actions of Government agencies."

(cleaned up)); *Knight v. U.S. Army Corps of Eng'rs*, No. 18-352, 2019 WL

3413423, at *1 (E.D. Tex. July 29, 2019) (Courts presume the Agency "properly

designated the Administrative Record absent clear evidence to the contrary.").

Here, EPA certified a copy of the record that includes Denka's request to the

Louisiana Department of Environmental Quality ("LDEQ") for an extension of its

compliance deadline, EPA's June 11th brief, and Denka's emergency motion for

stay in the D.C. Circuit to which that brief was responding. ECF No. 78. The

certified record includes the purported order involved—that is, EPA's June 11th

brief, wherein Denka asserts "EPA definitively stated its position that the LDEQ

Extension is 'ineffectual.'" Pet. & Compl. ¶ 6 (quoting EPA brief). And it includes relevant pleadings before the Agency at the time of the purported final agency action—that is, Denka's request to LDEQ for an extension and motion for stay in the D.C. Circuit to which EPA's June 11th brief was responding.

That the certified record does not consist of other findings, reports, or evidence is not surprising. After all, Denka does not (and cannot) challenge in this Court the rule establishing the underlying pollution regulations for which LDEQ purported to grant a compliance extension. Pet. & Compl. ¶ 9. Denka is challenging that rule in the D.C. Circuit. *Id.* ¶ 4. Rather, the "final position" of EPA that Denka claims is final agency action is an entirely legal one, based on published regulations and stated in a litigation filing prompted by and made in response to a motion by Denka regarding that new rule. *Id.* ¶ 6; *see id.* ¶¶ 29–31 (arguing two legal sources supplied legal authority for LDEQ extension). Nor has EPA taken action to enforce the new regulations against Denka. In fact, at the time of the purported final action, those regulations had not even taken effect. *See* Pet. & Compl. ¶ 21.

The primary question presented by the petition is whether Louisiana has the authority to extend Denka's compliance deadline. EPA contests that a pre-enforcement representation in a litigation filing regarding what was at the time a hypothetical extension by LDEQ gives this Court jurisdiction to review "final

agency action" under the Clean Air Act. But even if it does, no extensive record

exists for what is ultimately a short statement in a brief—nor is one needed to

answer what is a pure legal question.[4] Thus, the record EPA certified is consistent

with the limited and legal nature of the question Denka's petition presents. And the

Court presumes the completeness of the record EPA certified. *See 10 Ring*

*Precision, Inc. v. Jones*, 722 F.3d at 725 n.79.

## III.    Denka has Not Shown Why the Administrative Record Should be Completed or Supplemented.

A litigant may attempt to add documents to the administrative record beyond

those designated by the agency in two ways: "completing" and "supplementing"

the record. Denka conflates those concepts throughout its motion, *e.g.*, Mot. 1 n.1,

and entirely fails to address the legal standards applicable to either.

### A.    Completing and Supplementing the Record Involve Distinct Legal Standards.

"Completing" the record refers to a "request to add to the administrative

record documents the agency considered when it made its decision, that is, to

complete the administrative record." *Open Soc'y Inst. v. U.S. Citizenship &*

*Immigr. Servs.*, 573 F. Supp. 3d 294, 307 (D.D.C. 2021) (cleaned up). To

---

[4]    EPA's statement in the brief did not opine on the merits of the LDEQ
extension, which had not even issued at the time the brief was filed. Rather, it
opined only on the pure legal issue of whether a state had delegated authority to
issue an extension of the rule's deadlines at all.

overcome the strong presumption of regularity, a plaintiff must "put forth concrete evidence and identify reasonable, non-speculative grounds for [its] belief that the documents were considered by the agency and not included in the record." *NRDC v. Doremus*, No. 20-1150, 2021 WL 2322349, at *2 (D.D.C. June 7, 2021) (cleaned up).

"Supplementing" the record, by contrast, involves a request to add evidence "outside of or in addition to the administrative record that was not necessarily considered before the agency." *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps. of Eng'rs*, No. 13-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015). "Supplementation of the administrative record is not allowed unless the moving party demonstrates 'unusual circumstances justifying a departure' from the general presumption that review is limited to the record compiled by the agency." *Medina Cnty. Env't Action Ass'n*, 602 F.3d at 706 (quoting *Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008)). Such "unusual circumstances" may exist when (1) "the agency deliberately or negligently excluded documents that may have been adverse to its decision," (2) "the district court needed to supplement the record with background information in order to determine whether the agency considered all of the relevant factors," or (3) "the agency failed to explain administrative action so as to frustrate judicial review." *Id.* (cleaned up).

9

**B.     There is No Reason to Augment the Administrative Record with Documents that Post-Date the June 11th Brief.**

Whether construed as a request to complete or supplement, Denka fails to proffer any clear or convincing evidence to overcome the presumption that the certified record is complete. To begin, Denka cannot dispute that the four specific documents Denka requests be included and that issued *after* June 11th do not belong in the administrative record.[5] Mot. Exs. B–E; *see Geyen*, 775 F.2d at 1309. A record cannot be "completed" with documents that post-date the "action."

Nor should the Court supplement the certified record "to assist the Court's understanding of the agency action at issue in this case." Mot. 7 (citing *Gulf Coast*, 2015 WL 1883522, at *6). *Gulf Coast* arose in the context of the National Environmental Policy Act, or NEPA, which requires courts to decide whether an agency sufficiently considered environmental impacts. *See Gulf Coast*, 2015 WL 1883522, at *2–3 (discussing "so-called 'NEPA exception'" to record rule). This, however, is not a NEPA case, so the purported NEPA exception, even if assumed to exist, does not apply here. Nor does Denka explain why supplementation is

---

[5]     In the interest of not bringing trivial record disputes to this Court, EPA has opted to add to the administrative record Denka's April 19th submission to LDEQ (Mot. Ex. A). ECF No. 78. EPA does not concede that this document is relevant to the issues presented in this case.

necessary or would assist the Court's understanding of the alleged final action here.

And Denka's parenthetical summary of the *Gulf Coast* case is wrong. Mot. 7. The district court there did not allow "consideration of extra-record evidence to aid [the] court's understanding of the issues," as Denka contends. *Id.* Rather, the court reserved decision whether it would consider documents as "extra-record background evidence" and expressed "reluctance" at considering them at all. *Gulf Coast*, 2015 WL 1883522, at *6. In any event, none of the documents Denka seeks to add will help inform the question Denka asks the Court to address—whether LDEQ had authority to grant Denka an extension.

### C.     Denka's Merits Arguments Are No Basis to Supplement the Certified Record.

Denka's contention that the record should include two other documents—1998 and 2002 guidance documents (Mot. Exs. F–G)—is based on inappropriate merits arguments. Mot. 9–10. Denka argues that two guidance documents should be added to the record because "EPA should have considered" them, and, if it did not, "then that itself is material." Mot. 10. Courts routinely reject these exact merits arguments as a basis to augment the record. *See Midcoast Fishermen's Ass'n v. Gutierrez*, 592 F. Supp. 2d 40, 44 (D.D.C. 2017) (stating that "plaintiffs basically make a merits argument in a discovery motion" by arguing that the agency should have considered additional factors in reaching its decision); *Standing Rock Sioux*

*Tribe v. U.S. Army Corps of Eng'rs*, 255 F. Supp. 3d 101, 125 (D.D.C. 2017) ("Disagreement with an agency's analysis is not enough to warrant the consideration of extra-record evidence."), *aff'd,* 985 F.3d 1032 (D.C. Cir. 2021); *Sara Lee Corp. v. Am. Bakers Ass'n*, 252 F.R.D. 31, 35–36 (D.D.C. 2008) ("In fact, plaintiff's approach to discovery in this APA case is fundamentally flawed. As plaintiff would have it, deficiencies in the [agency's] reasoning . . . justify discovery . . . . [But even if true, such deficiencies do not] have anything to do with the fundamental question of whether [review] is to be limited to the administrative record that has been filed and on which the [agency's] determination will rise or fall." (cleaned up)).

Moreover, Denka can cite the two guidance documents identified in its Motion in merits briefing irrespective of whether they are in the record, just as Denka can cite other legal authorities. Thus, the Court should set aside Denka's argument for the additional reason that it can already make the merits arguments it makes in its Motion. *Bartell Ranch LLC v. McCullough*, No. 21-00080, 2021 WL 6118738, at *8 (D. Nev. Dec. 27, 2021) (denying motion to supplement administrative record where plaintiffs "can already make the merits argument they make in their administrative record motion that the [agency] did not sufficiently consider the impact of the" requested documents).

**D.     Denka's Speculation that EPA Considered Other Unidentified Documents Fails to Overcome the Presumption of Completeness.**

As for Denka's requests that the record be augmented with unspecified "other documents and materials" and that EPA produce a privilege log, Denka offers nothing more than speculation that fails the clear-and-convincing-evidence standard. Mot. 7 (cleaned up); *see, e.g.*, *10 Ring Precision, Inc.*, 722 F.3d at 725; *Doremus*, 2021 WL 2322349, at *2. EPA already certified the record of the sole action for which Denka petitioned for review. *E.g.*, Pet. & Compl. ¶ 6. And Denka proffers no evidence to overcome the presumption that the certified record is complete.

Nor does Denka supply any reason to permit an inquiry into executive motivations no matter what its theory of the "action" is. Mot. 7. Courts have held nearly uniformly that privileged documents, including agency deliberative materials, are not part of the record on review and that agencies are under no obligation to produce a privilege log. *See Blue Mountains Biodiversity Project v. Jeffries*, 99 F.4th 438, 444–45 (9th Cir. 2024) (rejecting contention "that deliberative materials are part of the whole record and that a privilege log is required if they are not included in the [administrative record]" because "an agency's statement of what is in the record is subject to a presumption of regularity" and "[d]eliberative documents, which are prepared to aid the decision-maker in arriving at a decision, are ordinarily not relevant" (cleaned up)); *Oceana,*

*Inc. v. Ross*, 920 F.3d 855, 865 (D.C. Cir. 2019) (holding that "predecisional and deliberative documents are not part of the administrative record to begin with" and "since predecisional documents are irrelevant . . . they are not required to be placed on a privilege log"); *In re U.S. Dep't of Def. v. U.S. Dep't of Def.*, No. 15-3751, 2016 WL 5845712, at *2 (6th Cir. Oct. 4, 2016) ("Deliberative process materials are generally exempted from inclusion in the record in order to protect the quality of agency decisions by ensuring open and candid communications."); *Suffolk Cnty. v. Sec'y of Interior*, 562 F.2d 1368, 1384 (2d Cir. 1977) ("[R]eview of deliberative memoranda reflecting an agency's mental process . . . is usually frowned upon . . . .").[6]

The traditional rule against production of deliberative materials "protect[s] the decision-making process from the inhibiting effect that disclosure of predecisional advisory opinions and recommendations might have on the frank discussion of legal or policy matters in writing." *Skelton v. U.S. Postal Serv.*, 678 F.2d 35, 38 (5th Cir. 1982) (cleaned up). That policy applies fully here, where the

---

[6]     In support of its request for a privilege log, Denka cites a Ninth Circuit decision that pre-dates *Blue Mountains Biodiversity Project* and a non-binding district court decision. For brevity, EPA limited its citations to relevant circuit precedent. Several district courts, however, are in alignment. *See, e.g.*, *Tex. Gen. Land Off. v. Biden*, No. 21-00272, 2023 WL 2733388, at *6 (S.D. Tex. Mar. 31, 2023) ("[P]rivileged materials are not proper for inclusion in the administrative record and thus Defendants are not required to produce a privilege log.").

"action" identified in the petition is a statement in a brief submitted by the U.S.

Department of Justice acting as counsel for its agency client, EPA.

## CONCLUSION

The Court should deny Denka's request to supplement or complete

the record.

Respectfully submitted,

TODD KIM
*Assistant Attorney General*

Of Counsel:                           *s/ Brandon N. Adkins*
MICHAEL THRIFT                  BRANDON N. ADKINS
HALI KERR                            ALEXANDER M. PURPURO
   Office of the General Counsel       *Attorney, Environmental Defense*
   U.S. Environmental Protection       *Section*
   Agency                              Environment and Natural Resources
   Washington, DC                      Division
                                       U.S. Department of Justice
                                       P.O. Box 7611
                                       Washington, D.C.  20044
                                       (202) 598-9562
                                       *Brandon.Adkins@usdoj.gov*
                                       *Alexander.Purpuro@usdoj.gov*

SEPTEMBER 9, 2024

## CERTIFICATE OF COMPLIANCE

I hereby certify that the foregoing Opposition complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 3,495 words, excluding exempted portions, according to the count of Microsoft Word.

I further certify that this Opposition complies with the requirements of Federal Rule of Appellate Procedure 32(a)(5) and (6) because it has been prepared in 14-point Times New Roman, a proportionally spaced font.


Dated: September 9, 2024                    *s/ Brandon N. Adkins*
                                            BRANDON N. ADKINS


## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Respondents' Opposition to Petitioner's Motion to Supplement or Complete Administrative Record and Amend Briefing Schedule on all registered counsel through the Court's electronic filing system (CM/ECF).


Dated: September 9, 2024                    *s/ Brandon N. Adkins*
                                            BRANDON N. ADKINS