**ORAL ARGUMENT NOT YET SCHEDULED**

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

| | | |
|---|---|---|
| **DENKA PERFORMANCE ELASTOMER LLC,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| v. | ) | **No. 24-60351** |
| | ) | |
| **UNITED STATES ENVIRONMENTAL PROTECTION AGENCY and MICHAEL REGAN, Administrator, United States Environmental Protection Agency,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPLY IN SUPPORT OF PETITIONER'S MOTION TO SUPPLEMENT
OR COMPLETE ADMINISTRATIVE RECORD**

James C. Percy
JONES WALKER LLP
445 N. Boulevard, Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2130
jpercy@joneswalker.com

Robert E. Holden
Brett S. Venn
JONES WALKER LLP
201 St. Charles Ave
New Orleans, LA 70170
Telephone: (504) 582-8000
bholden@joneswalker.com
bvenn@joneswalker.com

David A. Super
Jason B. Hutt
Jeffrey R. Holmstead
Britt Cass Steckman
Kevin M. Voelkel
BRACEWELL LLP
2001 M Street NW, Ste. 900
Washington, DC 20036
Telephone: (202) 828-5800
david.super@bracewell.com
jason.hutt@bracewell.com
jeff.holmstead@bracewell.com
britt.steckman@bracewell.com
kevin.voelkel@bracewell.com

*(counsel cont'd)*

Jeffrey L. Oldham
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone:  (713) 223-2300
jeffrey.oldham@bracewell.com

**_Counsel for Petitioner Denka Performance Elastomer LLC_**

## TABLE OF CONTENTS

TABLE OF CONTENTS.................................................................................i

TABLE OF AUTHORITIES ......................................................................ii

I.    INTRODUCTION................................................................................1

II.    ARGUMENT .....................................................................................2

        A.    EPA Continues Its Overly-Narrow Framing Of Its Final Agency Action. ............................................................................2

                1.    EPA's attempt to re-litigate its motion to dismiss should be rejected. ..........................................................2

                2.    DPE made clear the scope of the agency action at issue. ...................................................................................4

                3.    EPA's imposition of an arbitrary cut-off date for the record will frustrate this Court's review.....................5

        B.    The "Presumption Of Regularity" Does Not Apply....................7

        C.    The Materials DPE Seeks To Include In The Record Are Consistent With The Case Law....................................................7

        D.    The Court Should Order EPA To Produce A Privilege Log Or Certify That It Is Not Withholding Documents Under An Assertion Of Deliberative Process Privilege. ............9

CERTIFICATE OF COMPLIANCE....................................................................13

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barrick Goldstrike Mines Inc. v. Browner*,
    215 F.3d 45 (D.C. Cir. 2000)..................................................................3

*Blue Mountains Biodiversity Project v. Jeffries*,
    99 F.4th 438 (9th Cir. 2024) ................................................................10

*Ciba-Geigy Corp. v. EPA*,
    801 F.2d 430 (D.C. Cir. 1986)...........................................................3, 4

*Dep't of Com. v. New York*,
    588 U.S. 752 (2019)...........................................................................1, 7

*Entravision Holdings, LLC v. FCC*,
    202 F.3d 311 (D.C. Cir. 2000)...............................................................5

*Ethyl Corp v. EPA*,
    25 F.3d 1241 (4th Cir. 1994) ...............................................................10

*Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of
    Engineers*,
    No. 3:13-CV-126, 2015 WL 1883522 (S.D. Tex. Apr. 20, 2015) ...................6, 8

*Klein v. Jefferson Par. Sch. Bd.*,
    No. CIV. A. 00-3401, 2003 WL 1873909 (E.D. La. Apr. 10, 2003) .................10

*Knight v. U.S. Army Corps of Engineers*,
    No. 4:18-CV-352, 2019 WL 3413423 (E.D. Tex. July 29, 2019)...............10, 11

*Louisiana v. Biden*,
    No. 2:21-CV-00778, 2021 WL 5370101 (W.D. La. Nov. 17, 2021) .......2, 5, 6, 7

*Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*,
    602 F.3d 687 (5th Cir. 2010) .................................................................6

*Norton v. S. Utah Wilderness Alliance*,
    542 U.S. 55 (2005)................................................................................4

*Sackett v. EPA*,
    566 U.S. 120 (2012)..................................................................................4

*Sana Healthcare Carrollton, LLC v. Dep't of Health & Hum. Servs.*,
    No. 4:23-CV-738, 2024 WL 2723873 (E.D. Tex. May 28, 2024)................8, 11

*In re United States*,
    875 F.3d 1200 (9th Cir. 2017) ...............................................................9, 10

# I.     INTRODUCTION

Denka Performance Elastomer LLC ("DPE") and the Environmental Protection Agency ("EPA") agree on one point: this case is "highly unusual." Doc. 79 at 1.  EPA has targeted DPE's Louisiana Facility (the "Facility") with an unprecedented campaign to shut down unless DPE complies with EPA's wildly unrealistic demands.  *See* Doc. 1, Pet. ¶¶ 21-23; Doc. 48-1, Opp. to Mtn. to Dismiss at 1, 17-18.  At issue here is EPA's invalidity determination as to an extension of time issued by the Louisiana Department of Environmental Quality to comply with an EPA rule (the "LDEQ Extension").

In granting a stay and denying EPA's motion to dismiss, this Court rejected EPA's arguments that its invalidity determination is not final agency action. Doc. 57-2.  EPA devotes most of its Opposition to re-litigating that ruling, continuing to frame the agency action as a "D.C. Circuit brief."  *See, e.g.*, Doc. 79 at 2-3.  The effect is an unreasonably narrow record that does not even include the LDEQ Extension at issue.  EPA's position should be rejected.  *Dep't of Com. v. New York*, 588 U.S. 752, 780 (2019) ("[I]n order to permit meaningful judicial review, an agency must disclose the basis of its action.") (cleaned up).

Further, EPA should not benefit from the "presumption of regularity" in assessing the completeness of the record (Doc. 79 at 5-8, 13-15).  Minutes before filing its Opposition, EPA certified a *new* version of the record containing one of the

critical documents that DPE identified—demonstrating that the original record certification was incomplete and negating any presumption.

## II.   ARGUMENT

### A.   EPA Continues Its Overly-Narrow Framing Of Its Final Agency Action.

Like its motion to dismiss, EPA's Opposition is premised on the notion that DPE's Petition in this Court was limited to review of "the D.C. Circuit brief." Doc. 79 at 2-3. Where the parties dispute the scope of the agency action at issue, "it is necessary to determine what agency actions are within the scope of [the petition]" before considering whether the record is complete. *Louisiana v. Biden*, No. 2:21-CV-00778, 2021 WL 5370101, at *2 (W.D. La. Nov. 17, 2021) (addressing motion to complete administrative record).

#### 1.   EPA's attempt to re-litigate its motion to dismiss should be rejected.

As DPE explained in opposing dismissal, EPA's statement in its D.C. Circuit brief was the first in a series of agency statements aimed at coercing DPE to fall in line with EPA's invalidity determination. On April 19, 2024, DPE requested that LDEQ grant an extension of the impossible-to-meet deadline in EPA's rule. EPA's June 11 brief in the D.C. Circuit referenced DPE's requested extension and warned that "[a]ny purported compliance extension granted by a state agency to Denka would be ineffectual." Doc. 1-5, Pet. Ex. J at 7-8 n.2. On June 27, LDEQ issued the Extension. The next day, DPE wrote EPA asking for clarification on its position.

On July 8, EPA informed DPE that it would not respond. Faced with having to close the Facility if it could not rely on the LDEQ Extension, DPE filed its Petition and Stay Motion in this Court on July 10. One week later, on July 17, EPA's counsel in the related enforcement action in the Eastern District of Louisiana unequivocally stated on the record that EPA considered the LDEQ Extension invalid, confirming that the statement regarding LDEQ's authority in the D.C. Circuit brief applied specifically to the LDEQ Extension.

"[F]inal agency action may result from a series of agency pronouncements rather than a single edict." Doc. 48-1 at 21 (quoting *Barrick Goldstrike Mines Inc. v. Browner*, 215 F.3d 45, 48-49 (D.C. Cir. 2000)). In *Ciba-Geigy Corp. v. EPA* (cited in Doc. 48-1 at 15, 18), EPA's legal position as stated in a series of letters was a reviewable final agency action because those letters unambiguously communicated the agency's position and had "a significant legal effect" on the recipient. 801 F.2d 430, 437 (D.C. Cir. 1986); *see also Barrick*, 215 F.3d at 49 ("[A] preamble plus a guidance plus an enforcement letter from EPA could crystallize an agency position into final agency action."). Here, like in *Ciba-Geigy*, EPA's latest communication— the July 17 statement in district court explicitly applying the invalidity determination

specifically to the LDEQ Extension—"serves to confirm the finality of the agency's pre-litigation position" and may be considered on judicial review.  801 F.2d at 437.[1]

### 2.    DPE made clear the scope of the agency action at issue.

EPA's assertion that DPE has changed its position as to the scope of the agency action (Doc. 79 at 1, 3-5) is wrong.  From the outset, DPE clearly sought judicial review of EPA's invalidity determination, including any form in which it was conveyed.  DPE's Petition refers to "EPA's position," "EPA's determination," and "EPA's conclusion" throughout.  Doc. 1 ¶¶ 2, 6-8, 41-45, 56, 62.  As of the Petition's filing (July 10, 2024), EPA had conveyed its position both in its D.C. Circuit brief and in EPA's refusal to substantively respond to DPE's letter requesting clarification of EPA's position after the LDEQ Extension was issued, and the Petition cites both of those specifically.[2]  Then, DPE's opposition to EPA's motion to dismiss identified EPA's July 17 court statement (Doc. 48 at 4 & Ex. 1) as applying EPA's position to the LDEQ Extension.

---

[1] That EPA has not "taken action to enforce the new regulations against Denka" (Doc. 79 at 7) is irrelevant.  A party faced with potential enforcement action need not wait for "the Agency to drop the hammer" before obtaining judicial review. Doc. 6, DPE Stay Mot. at 9 (quoting *Sackett v. EPA*, 566 U.S. 120, 127 (2012)).

[2] EPA relies on *Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 63 (2005), to separate out its failure to respond to DPE's letter.  Doc. 79 at 3 n.2.  But *Norton* addressed when an agency's failure to act is itself a "final agency action."  DPE is not challenging solely EPA's non-response.

Thus, DPE's Petition and contemporaneous briefing in this Court made clear the scope of the agency action at issue. *See Entravision Holdings, LLC v. FCC*, 202 F.3d 311, 313-14 (D.C. Cir. 2000) (cited in Opp. at 5); *Louisiana*, 2021 WL 5370101, at *3. EPA's suggestion that it did not understand DPE to be challenging the full scope of the agency's invalidity determination is simply not credible.

**3.    EPA's imposition of an arbitrary cut-off date for the record will frustrate this Court's review.**

EPA is incorrect that the record cannot include any documents that post-date either DPE's Petition or the D.C. Circuit brief. In *Louisiana v. Biden*, which sought declaratory relief regarding an executive order halting new oil and gas leases, the Court found that the complaint could be "fairly inferred" to cover lease sales before *and after* the filing of the complaint, rejecting the agency's attempt to cutoff the administrative record. 2021 WL 5370101, at *4. Here, EPA's statements about the validity of the LDEQ Extension, and the Extension itself, are fairly inferred from DPE's Petition.

EPA's insistence that the administrative record cannot include anything post-dating the June 11 D.C. Circuit brief seems to be the only basis for its refusal to include in the record the actual LDEQ Extension (issued June 27, *before* DPE requested EPA's position or filed its Petition), despite agreeing that "[t]he primary question presented by the petition is whether Louisiana has the authority" to issue

that extension. Doc. 79 at 7. The LDEQ Extension is central to this appeal and obviously should be part of the record.

Because EPA has persisted in its overly-narrow definition of the agency action, its cutoff dates are arbitrary. The Court should instruct EPA to "complete" the record (using EPA's terminology, *but see* Doc. 73-1 at 1 n.1) to include documents before EPA when it decided the validity of the LDEQ Extension. That means EPA should "include[e] all documents and materials directly or indirectly considered by agency decisionmakers" in arriving at and communicating its invalidity determination, at least through the date of the statement in district court (July 17). *Louisiana*, 2021 WL 5370101, at *5.

Even if the Court views this as a request to supplement the record with evidence "that was not necessarily considered before the agency," *Gulf Coast Rod Reel & Gun Club, Inc. v. U.S. Army Corps of Engineers*, No. 3:13-CV-126, 2015 WL 1883522, at *1 (S.D. Tex. Apr. 20, 2015), the "unusual circumstances" required for such supplementation plainly exist here. EPA has provided no record evidence justifying the invalidity determination and attempted to draw the agency action so narrowly as to exclude information needed to review the agency's action. This fails to explain the action "so as to frustrate judicial review." *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010).

**B.      The "Presumption Of Regularity" Does Not Apply.**

EPA cannot rely on the presumption that an agency has accurately certified the administrative record (Doc. 79 at 7).   EPA filed a second version of the certified record—ten minutes before EPA filed its opposition—which included a key document that DPE demanded: DPE's request for an extension to LDEQ.   EPA's last-minute change demonstrates that the original certification was incomplete.   *See Dep't of Com.*, 588 U.S. at 781-82 (where government supplemented administrative record with memorandum indicating record was incomplete, court appropriately ordered completion of record).

In addition, EPA's refusal to recognize the full scope of the agency action at issue undercuts deference.   Where the parties differ on the scope of the agency action at issue, the Court must first define those actions before addressing motions to complete the record or applying any presumptions.   *See Louisiana*, 2021 WL 5370101, at *2 (considering scope of complaint and not applying any presumption in favor of government). EPA's cited cases (Doc. 79 at 5-6) are inapposite because none involved an agency disputing the scope of the agency action at issue.

**C.      The Materials DPE Seeks To Include In The Record Are Consistent With The Case Law.**

EPA's assertion that DPE does not "explain why supplementation is necessary or would assist the Court's understanding" (Doc. 79 at 10-11) disregards DPE's Motion.  To fully understand EPA's invalidity determination, the Court must review

the documents underlying and evidencing that determination—*i.e.*, the request for extension and LDEQ Extension itself—as well as the EPA statements at issue and any other documents before the agency in relation to its determination. *See* Doc. 73-1 at 6-7.

Including these materials should not be considered an exception to the "record rule," but if so, inclusion is permissible where "the agency failed to explain administrative action so as to frustrate judicial review," or the materials show "whether the agency considered all of the relevant factors." *Gulf Coast*, 2015 WL 1883522, at \*3. The latter, the "so-called NEPA exception" (*id.* at \*2), allows consideration of materials beyond those identified by the agency in the administrative record in determining whether the agency considered all of the relevant factors. While this issue "occurs with more frequency in the review of [NEPA] decisions than in the review of other agency decisions," *id.*, it is not limited to NEPA. *See, e.g., Sana Healthcare Carrollton, LLC v. Dep't of Health & Hum. Servs.*, No. 4:23-CV-738, 2024 WL 2723873, at \*6–7 (E.D. Tex. May 28, 2024) (finding, in non-NEPA case, that "additional background information … would enable the Court to determine whether the Government considered all relevant factors. Whether an agency considered all relevant factors can sometimes only be determined by looking outside the record to see what the agency may have ignored.")

(cleaned up). Here, the guidance documents identified in DPE's Motion at 9 are relevant to the adequacy of the agency's review.[3]

**D.      The Court Should Order EPA To Produce A Privilege Log Or Certify That It Is Not Withholding Documents Under An Assertion Of Deliberative Process Privilege.**

EPA's assertion that it is "not surprising" that its certified record contained no "findings, reports, or evidence" does not state that these materials do not *exist*—just that they are not identified in the certified record. Doc. 79 at 7.[4] Indeed, the notion that such materials do not exist suggests that EPA's determination simply sprung out of thin air, with no explanation and with no one taking responsibility for it. Tellingly, EPA's vigorous argument regarding deliberative process privilege implies that these materials *do* exist, that EPA considered them, and that EPA is refusing to identify them. *Id.* at 13-15.

EPA fails to address DPE's case law in support of a privilege log. Doc. 73-1, Motion at 7-9. Instead, EPA cites other cases denying such requests on different facts. Doc. 79 at 13-14. EPA's only response to *In re United States*, 875 F.3d 1200

---

[3] EPA does not dispute that the Court may consider these materials, only whether they should be considered record materials versus legal authorities. Doc. 79 at 12.

[4] Further, EPA conflates the record with the final agency action itself. Doc. 79 at 2, 7 (arguing that DPE cannot challenge underlying EPA rule or individual documents that DPE seeks to include in administrative record). The record is required so that the Court may review whether the agency adequately considered the arguments and evidence before it—not because a petitioner challenges those underlying arguments and evidence.

(9th Cir. 2017) (cited in DPE Mot. at 1 n.1, 8-9), is to note that a later Ninth Circuit opinion did not require a privilege log. But that case, *Blue Mountains Biodiversity Project v. Jeffries*, did not limit *In re United States*, and actually affirmed that "in appropriate circumstances," courts "may order a privilege log" to aid in analyzing whether materials subject to a claim of deliberative process privilege "are in fact deliberative." 99 F.4th 438, 442 (9th Cir. 2024). The facts here are more like *In re United States* than *Blue Mountains*—as in *In re United States*, the government filed a suspiciously bare administrative record—and justify further exploration into whether EPA is relying on an overly broad interpretation of privilege. Deliberative process is a qualified privilege. *See, e.g.*, *Klein v. Jefferson Par. Sch. Bd.*, No. CIV. A. 00-3401, 2003 WL 1873909, at *4 (E.D. La. Apr. 10, 2003). It is "to be construed narrowly, and the burden rests upon the government to be precise and conservative in its privilege claims." *Ethyl Corp v. EPA*, 25 F.3d 1241, 1248 (4th Cir. 1994).

Further, EPA's own case law shows that EPA should do more here to assure the Court that EPA is not improperly shielding documents from review through an improper claim of privilege. In *Knight v. U.S. Army Corps of Engineers*, No. 4:18-CV-352, 2019 WL 3413423 (E.D. Tex. July 29, 2019), which EPA cites at 6, the agency submitted a sworn statement that it had not withheld any documents from the record under deliberative process privilege, and identified in the record itself any documents that were redacted or withheld on privilege grounds. *See* Doc. 73-1 at 7-

9; *accord Sana Healthcare Carrollton*, 2024 WL 2723873, at \*10 (ordering "the Government to either produce a privilege log for materials it withheld from the administrative record on the basis of privilege or to provide a sworn statement that it did not withhold any materials from the administrative record on the basis of privilege") (citing *Knight*). The Court should require EPA to submit a similar sworn statement or to produce a privilege log.

Finally, DPE requested *external* communications, which cannot possibly be privileged. Doc. 73-1 at 8. For example, EPA confers frequently with activist opposition to the Facility. If EPA considered any materials exchanged with such sources in connection with its determination that the LDEQ Extension invalid, those materials must be included in the administrative record.

Date:  September 16, 2024                    Respectfully submitted,

James C. Percy                              */s/ David A. Super*
JONES WALKER LLP                            David A. Super
445 N. Boulevard, Suite 800                 Jason B. Hutt
Baton Rouge, LA 70802                       Jeffrey R. Holmstead
Telephone: (225) 248-2130                   Britt Cass Steckman
jpercy@joneswalker.com                      Kevin M. Voelkel
                                            BRACEWELL LLP
Robert E. Holden                            2001 M Street NW, Ste. 900
Brett S. Venn                               Washington, DC 20036
JONES WALKER LLP                            Telephone: (202) 828-5800
201 St. Charles Ave                         david.super@bracewell.com
New Orleans, LA 70170                       jason.hutt@bracewell.com
Telephone: (504) 582-8000                   jeff.holmstead@bracewell.com
bholden@joneswalker.com                     britt.steckman@bracewell.com
bvenn@joneswalker.com                       kevin.voelkel@bracewell.com

                                            Jeffrey L. Oldham
                                            BRACEWELL LLP
                                            711 Louisiana Street, Suite 2300
                                            Houston, TX 77002
                                            Telephone:  (713) 223-2300
                                            jeffrey.oldham@bracewell.com

***Counsel for Petitioner Denka Performance Elastomer LLC***

## **CERTIFICATE OF COMPLIANCE**

Pursuant to Fed. R. App. P. 32(g), I certify that this motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this motion contains 2,600 words.

I further certify, pursuant to Fed. R. App. P. 27(d)(1)(E), that this motion complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this motion has been prepared in Times New Roman 14-point font using Microsoft Word 2013.

Date: September 16, 2024      */s/ David A. Super*
                                David A. Super

                                ***Counsel for Petitioner***
                                ***Denka Performance Elastomer LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I have caused a true and correct copy of the foregoing *Reply in Support of Petitioner's Motion to Supplement or Complete Administrative Record* to be electronically filed with the Clerk of the Court using the CM/ECF System, which will send a notice of filing to all registered users.


Date:  September 16, 2024          /s/ David A. Super
                                   David A. Super

                                   **Counsel for Petitioner**
                                   **Denka Performance Elastomer LLC**