ORAL ARGUMENT NOT SCHEDULED

No. 24-60351

# In the United States Court of Appeals For the Fifth Circuit

───────────────────────────────

DENKA PERFORMANCE ELASTOMER LLC,
*Petitioner,*

STATE OF LOUISIANA AND LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY,
*Intervenors,*

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY AND MICHAEL REGAN, ADMINISTRATOR, UNITED STATES ENVIRONMENTAL PROTECTION AGENCY,
*Respondents,*

───────────────────────────────

On Appeal from Environmental Protection Agency
40 CFR Parts 60 and 63

**PETITIONER'S OPPOSITION TO MOTION OF CONCERNED CITIZENS OF ST. JOHN AND RISE ST. JAMES FOR LEAVE TO INTERVENE**

James C. Percy
JONES WALKER LLP
445 N. Boulevard, Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2130
jpercy@joneswalker.com

Robert E. Holden
Brett S. Venn
JONES WALKER LLP
201 St. Charles Ave
New Orleans, LA 70170
Telephone: (504) 582-8000
bholden@joneswalker.com
bvenn@joneswalker.com

David A. Super
Jason B. Hutt
Jeffrey R. Holmstead
Britt Cass Steckman
Kevin M. Voelkel
BRACEWELL LLP
2001 M Street NW, Ste. 900
Washington, DC 20036
Telephone: (202) 828-5800
david.super@bracewell.com
jason.hutt@bracewell.com
jeff.holmstead@bracewell.com
britt.steckman@bracewell.com
kevin.voelkel@bracewell.com

*(cont'd)*

Jeffrey L. Oldham
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 223-2300
jeffrey.oldham@bracewell.com

*Counsel for Petitioner Denka Performance Elastomer LLC*

Petitioner Denka Performance Elastomer LLC ("DPE") respectfully opposes Concerned Citizens of St. John and RISE St. James Louisiana's (collectively, "Movants") Motion to Intervene, Doc. 102-1 ("Motion").

## ARGUMENT

### A. Movants Fail To Meet The Standard For Intervention As Of Right.

The Court should deny intervention as of right because Respondent Environmental Protection Agency ("EPA") adequately represents Movants' claimed interests in this case. "Where, as here, the existing representative in the suit is the government, there is a presumption of adequate representation which may be overcome ... only upon a showing of adversity of interest, the representative's collusion with the opposing party, or nonfeasance by the representative." *Consumers' Rsch. v. Fed. Comm'cns Comm'n*, 2023 WL 11951690, at *1 (5th Cir. Oct. 30, 2023) (quoting *Texas v. Dep't of Energy*, 754 F.2d 550, 553 (5th Cir. 1985)). Movants have not, and cannot, overcome the presumption that EPA will adequately represent their claimed interests in this case, and their Motion should be denied. *See id.*

This case challenges EPA's determination that the two-year extension of time granted by the Louisiana Department of Environmental Quality ("LDEQ Extension") for DPE to comply with the EPA rule governing chloroprene ("Rule") is invalid. *See generally* Doc. 92-1 (DPE Opening Brief). EPA has deployed all

-1-

available tools to prevent DPE from relying on the LDEQ Extension, forcing DPE to file this lawsuit to obtain judicial declarations that the LDEQ Extension is valid and enforceable, and that EPA's determination to the contrary is arbitrary, capricious, and contrary to law. On this issue—the sole issue in this case—Movants are entirely aligned with EPA's position.

"In order to show adversity of interest, an intervenor must demonstrate that its interests diverge from the putative representative's interests *in a manner germane to the case*." *Guenther v. BP Ret. Accumulation Plan*, 50 F.4th 536, 543 (5th Cir. 2022) (emphasis added) (citation omitted). In its opposition to DPE's stay motion in this action, EPA put forth the very same arguments regarding public health and welfare that Movants seek to assert here. *Compare* Doc. 42 (EPA Opp. to Mot. for Stay) at 4, 21-23 (argument relying on public health) *with* Doc. 102-1 (Mot.) at 2, 12-14 (argument relying on Movants' members' health concerns). In attempting to manufacture "adversity of interest," Movants point to *other* disagreements that they have had with EPA. Specifically, Movants argue that it took EPA too long to issue the Rule, that EPA closed a civil rights investigation regarding the conduct of the State of Louisiana in connection with DPE's facility in Louisiana, and that Movants are challenging aspects of the Rule itself in the D.C. Circuit. Mot. at 6-7, 9-10. But none of those disputes are "*germane to the case*," *Guenther*, 50 F.4th at 543 (emphasis added), which concerns *solely* the validity of the LDEQ Extension. Thus,

Movants' citation to cases holding that "an agency does not adequately represent a proposed intervenor's interests when that intervenor had previously sued the agency to compel it *to take the action under review*" (Mot. at 19; emphasis added) is inapposite because the Rule is not under review *in this case*.[1]

Further, this case will turn on the legal question of whether the LDEQ had the authority to issue the LDEQ Extension. Given EPA's involvement in this case, Movants "can offer no special expertise on the administrative law issues that will be argued in the appeal" and therefore "have little basis for arguing inadequate representation." *Texas*, 754 F.2d at 553.

Movants speculate that EPA "may be more squarely focused on preserving its exclusive authority over extensions." Mot. at 17. This is plainly wrong: EPA does not have exclusive authority over extensions, having previously delegated authority in multiple instances, and EPA has never sought to revoke that delegated authority in any case except this one. *See* Doc. 92-1 (DPE Opening Brief) at 13, 32-39. In

---

[1] That Movants are challenging certain aspects of the Rule in the D.C. Circuit does not mean that they are not defending other aspects of the Rule. These same would-be intervenors already intervened in support of EPA in its opposition to DPE's motion for stay regarding the Rule in the D.C. Circuit, attaching some of the very same declarations they filed in support of their Motion in this Court (which are, notably, dated June 2024, weeks prior to DPE's filing of this case). *See* Doc. 2059510, Respondent-Intervenors' Response in Opp. to Mot. for Stay, *DPE v. EPA*, No. 24-1135 (D.C. Cir. June 12, 2024). DPE consented to Movants' intervention in support of EPA in the D.C. Circuit, but this case presents different issues.

any event, there is only one "extension" at issue in this case—the LDEQ Extension—and EPA has expressly stated that its objective in this case is to establish that the LDEQ Extension is invalid. Doc. 42 (EPA Opp. to Mot. for Stay) at 17-20.

Movants further speculate that EPA could change its position and decide to issue its own extension to DPE. Mot. at 19-20. But even assuming EPA did so—a notion that is counterfactual—any such hypothetical extension would not be at issue in this case, which concerns solely EPA's determination that the *LDEQ Extension* is invalid.

Finally, recognizing that EPA's involvement in this case precludes their intervention, Movants (in a footnote) seek to avoid the presumption of adequate representation altogether. Mot. at 16 n.6. That effort fails. Movants rely on *Entergy Gulf States Louisiana, LLC v. EPA*, 817 F.3d 198, 203 n.2 (5th Cir. 2016), to argue that they need not overcome the presumption of adequate representation here because EPA does not have a "sovereign interest" in this matter. But *Entergy* is inapposite because it involved a challenge to EPA's response to a FOIA request, rather than an issue within EPA's area of regulatory responsibility. *See Miller v. Vilsack*, 2022 WL 851782, at *3 n.4 (5th Cir. Mar. 22, 2022) (noting that the interest of a government agency could, in some circumstances, "be implicated as a sovereign interest"); *see also Consumers' Rsch.*, 2023 WL 11951690, at *1 (requiring proposed intervenor to show "adversity of interest" with a federal agency).

In any event, as discussed above, Movants and EPA share the "same ultimate objective" in this action—preventing DPE from relying on the LDEQ Extension—and therefore Movants cannot make the required showing regardless of the standard. *See Entergy*, 817 F.3d at 203 (Where "the would-be intervenor has the same ultimate objective as a party to the lawsuit … the applicant for intervention must show adversity of interest, collusion, or nonfeasance on the part of the existing party to overcome the presumption.") (quoting *Brumfield v. Dodd*, 749 F.3d 339, 345 (5th Cir. 2014)).

**B.     Movants Fail To Meet The Standard For Permissive Intervention.**

Movants argue in the alternative that the Court should grant permissive intervention because they "intend to offer defensive arguments" in support of EPA. Mot. at 22. That is woefully inadequate. Movants offer no explanation whatsoever as to what those "defensive" arguments might be and the only reasonable conclusion is that such arguments would be entirely duplicative of EPA's own arguments in defense of its position. Movants' vague references to grounding their arguments "in the statutory provisions under which EPA acted and in the administrative record for the Rule" simply underscore that such arguments would be duplicative of EPA's own arguments. If anything, Movants' reference to the "administrative record for the Rule" demonstrates that their arguments would be germane, if at all, to Movants' challenge to Rule itself, and Movants are free to make those arguments in their

pending challenge in the D.C. Circuit. But those arguments have nothing to do with the only issue presented in *this case*: the validity of the LDEQ Extension.

## **CONCLUSION**

For the foregoing reasons, Movants' Motion to Intervene in this case should be denied.

Date: December 16, 2024

James C. Percy
JONES WALKER LLP
445 N. Boulevard, Suite 800
Baton Rouge, LA 70802
Telephone: (225) 248-2130
jpercy@joneswalker.com

Robert E. Holden
Brett S. Venn
JONES WALKER LLP
201 St. Charles Ave
New Orleans, LA 70170
Telephone: (504) 582-8000
bholden@joneswalker.com
bvenn@joneswalker.com

Respectfully submitted,

*/s/ David A. Super*
David A. Super
Jason B. Hutt
Jeffrey R. Holmstead
Britt Cass Steckman
Kevin M. Voelkel
BRACEWELL LLP
2001 M Street NW, Ste. 900
Washington, DC 20036
Telephone: (202) 828-5800
david.super@bracewell.com
jason.hutt@bracewell.com
jeff.holmstead@bracewell.com
britt.steckman@bracewell.com
kevin.voelkel@bracewell.com

Jeffrey L. Oldham
BRACEWELL LLP
711 Louisiana Street, Suite 2300
Houston, TX 77002
Telephone: (713) 223-2300
jeffrey.oldham@bracewell.com

***Counsel for Petitioner Denka Performance Elastomer LLC***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of December 2024, I electronically filed the foregoing PETITIONER'S OPPOSITION TO MOTION OF CONCERNED CITIZENS OF ST. JOHN AND RISE ST. JAMES FOR LEAVE TO INTERVENE with the Clerk of the Court for the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system.

I further certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

I further certify that: (1) any required privacy redactions have been made (5th Cir. R. 25.2.13); (2) the electronic submission is an exact copy of the paper document in compliance with (5 Cir. R. 25.2.1); and (3) the document has been scanned with the most recent version of CrowdStrike Windows Sensor Version 7.17.18721.0, last updated on November 21, 2024, and is free of viruses.

　　　　　　　　　　　　　　　　　　　　/s/ David A. Super
　　　　　　　　　　　　　　　　　　　　David A. Super

　　　　　　　　　　　　　　　　　　　　***Counsel for Petitioner***
　　　　　　　　　　　　　　　　　　　　***Denka Performance Elastomer LLC***

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) and 5th Cir. R. 32.1: this document contains **1,296 words**.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5), and 5th Cir. R. 32.1 and the type-style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally-spaced typeface using Microsoft Word 365 in 14-point Times New Roman font.

Date: December 16, 2024        */s/ David A. Super*
                               David A. Super

                               ***Counsel for Petitioner***
                               ***Denka Performance Elastomer LLC***