# NOT YET SCHEDULED FOR ORAL ARGUMENT

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

DENKA PERFORMANCE ELASTOMER, LLC,

    *Petitioner*,

STATE OF LOUISIANA and LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY,

    *Intervenors*,

    v.

U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,

    *Respondents*.

Case No. 24-60351

## UNOPPOSED MOTION TO HOLD CASE IN ABEYANCE

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move the Court to hold this case in abeyance for 120 days. Petitioner and Intervenors do not oppose the relief requested in this motion.

1. In May 2024, EPA promulgated new and revised emission standards under the Clean Air Act entitled, "New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical

Manufacturing Industry and Group I & II Polymers and Resins Industry." 89 Fed. Reg. 42932 (May 16, 2024) ("the 2024 Rule").

2.  Pursuant to Clean Air Act section 307(b)(1), 42 U.S.C. § 7607(b)(1), Petitioner Denka Performance Elastomer, LLC ("Denka"), and other parties filed petitions for judicial review of the 2024 Rule in the U.S. Court of Appeals for the D.C. Circuit. *Denka Performance Elastomer LLC v. EPA*, Nos. 24-1135 and consolidated cases (D.C. Cir.).

3.  Denka separately petitioned this Court in this case seeking an order regarding the validity of a compliance extension that the Louisiana Department of Environmental Quality granted with respect to a compliance deadline set forth in the 2024 Rule, along with other relief.

4.  The State of Louisiana and the Louisiana Department of Environmental Quality (collectively, "Louisiana") intervened in support of Denka in this Court. *See* ECF No. 11, 37.

5.  Denka filed a motion requesting a stay "to preserve the status quo, meaning EPA would be precluded from taking action in contravention of the validity of the [Louisiana] Extension pending resolution of this Petition." ECF No. 6 at 23. On July 31, 2024, the Court granted Denka's motion. ECF No. 57.

6.  On October 30, 2024, Denka filed its principal brief. ECF No. 91.

7.  On November 6, 2024, Louisiana filed its principal intervenor's brief. ECF No. 96.

8.  On December 20, 2024, EPA filed its response brief. ECF No. 110.

9.  On January 17, 2024, Denka filed its reply brief. ECF No. 121.

10. On January 24, 2024, Louisiana filed a reply to EPA's response brief with leave of this Court. *See* ECF No. 119, 123.

11. Briefing is complete and this case has not yet been set for oral argument.

12. Given the recent change in presidential administrations, EPA requests that the Court place this case in abeyance for 120 days to allow the Agency to brief new administration officials about the case and the issues presented. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *Cottrell v. Duke*, 737 F.3d 1238, 1248 (8th Cir. 2013). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

13. An abeyance is warranted here because courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last

3

forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted))).

    14.    Courts have granted stays or abeyance in circumstances like those presented here to accommodate a new administration's need to be briefed on the issues presented in pending litigation. *See, e.g.*, Order, (Doc. No. 48, 39),[1] *Union Carbide v. EPA*, No. 24-60615 (5th Cir. Jan. 29, 2025) (granting stay requested to allow new leadership to review challenged agency action); Order, (Doc. Nos. 1883880, 1882301), *Am. Fuel & Petrochem. v. EPA*, No. 19-1124 (D.C. Cir. Feb. 5, 2021) (rescheduling oral argument at EPA's request to accommodate change of administration).

---

[1] In this and the following citation, the first Document No. refers to the Court's Order and the second Document No. refers to EPA's motion for a stay or abeyance.

15. Abeyance would also preserve resources of the parties and the Court. It is possible that after its review, EPA could take action that may obviate the need for judicial resolution of some or all of the disputed issues. Good cause thus exists for the requested abeyance. *See Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

16. Given that the Court has granted Denka's stay motion, and that oral argument has not been scheduled, no party would be prejudiced by the requested abeyance.

17. For these reasons, the Court should place this matter in abeyance for 120 days, with motions to govern due at the end of that period.

Date: February 5, 2025

Respectfully submitted,

LISA LYNNE RUSSELL
Deputy Assistant Attorney General

*/s Alexander M. Purpuro*
ALEXANDER M. PURPURO
BRANDON N. ADKINS
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044
Tel: (202) 598-9562 (Adkins)
Tel: (202) 514-9771 (Purpuro)
Alexander.Purpuro@usdoj.gov
Brandon.Adkins@usdoj.gov

*Counsel for Respondents*

# **CERTIFICATE OF COMPLIANCE**

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 868 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with the requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6), because it has been prepared in 14-point Times New Roman, a proportionally-spaced font, and is double-spaced, except for headings and footnotes.

Dated February 5, 2025

*/s Alexander M. Purpuro*
Alexander M. Purpuro