**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

| | |
|---|---|
| DENKA PERFORMANCE ELASTOMER, LLC, <br><br> *Petitioner*, <br><br> STATE OF LOUISIANA and LOUISIANA DEPARTMENT OF ENVIRONMENTAL QUALITY, <br><br> *Intervenors*, <br><br>    v. <br><br> U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency, <br><br> *Respondents*. | Case No. 24-60351 |

**UNOPPOSED MOTION TO EXTEND ABEYANCE BY 180 DAYS**

Respondents United States Environmental Protection Agency and

Administrator Lee Zeldin ("EPA") respectfully move the Court to extend the

abeyance in this case by an additional 180 days. This petition concerns a

compliance deadline set in a rule that EPA is reconsidering. The outcome of that

administrative process may obviate the need for judicial resolution of this petition.

Petitioner and Intervenors do not oppose the relief requested in this motion.

1. In May 2024, EPA promulgated new and revised emission standards under the Clean Air Act entitled, "New Source Performance Standards for the Synthetic Organic Chemical Manufacturing Industry and National Emission Standards for Hazardous Air Pollutants for the Synthetic Organic Chemical Manufacturing Industry and Group I & II Polymers and Resins Industry." 89 Fed. Reg. 42932 (May 16, 2024) ("the 2024 Rule").

2. Petitioner Denka Performance Elastomer, LLC ("Denka") and other parties filed petitions for judicial review of the 2024 Rule in the U.S. Court of Appeals for the D.C. Circuit (Case No. 24-1135 and consolidated cases).

3. Denka separately petitioned this Court seeking an order regarding the validity of an extension that the Louisiana Department of Environmental Quality granted with respect to a compliance deadline set forth in the 2024 Rule, along with other relief.

4. The Court granted Denka's request for a stay "to preserve the status quo, meaning EPA would be precluded from taking action in contravention of the validity of the [Louisiana] Extension pending resolution of this Petition." ECF No. 6, at 23; ECF No. 57.

5. The petition in this case is now fully briefed.

6.      In February 2025, the Court placed this case in abeyance to allow EPA to brief new administration officials about the case and the issues presented. ECF No. 142.

7.      In May 2025, EPA granted reconsideration of the 2024 Rule.

8.      EPA moved to extend the abeyance by 180 days to allow EPA to continue the reconsideration process for the 2024 Rule. ECF No. 148. EPA stated that it may request further extensions of the abeyance until that reconsideration process is complete.

9.      In June 2025, the Court granted EPA's unopposed motion to extend the abeyance by an additional 180 days. ECF No. 153. The next month, the D.C. Circuit also placed the consolidated petitions challenging the 2024 Rule in abeyance.

10.     EPA's reconsideration of the 2024 Rule continues. Since granting reconsideration, EPA has begun reviewing additional information that was submitted by stakeholders.

11.     EPA respectfully requests that the Court extend the abeyance of this matter by an additional 180 days to allow EPA to continue the reconsideration process for the 2024 Rule. EPA may request further extensions of the abeyance until that reconsideration process is complete.

12. This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936); *see also Langiano v. City of Ft. Worth*, 131 F.4th 285, 290 (5th Cir. 2025). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

13. Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever [and] an agency must be given able latitude to adapt their rules and policies to . . . changing circumstances."); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a "perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (internal quotation marks omitted))).

14. Abeyance would continue to preserve the Court's resources. EPA's reconsideration of the 2024 Rule and the standards that are the subject of the compliance deadline at issue may obviate the need for judicial resolution of some

or all the disputed issues here. Good cause thus exists for the requested abeyance. *See Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1013 ("[W]e granted EPA's motion to sever and hold in abeyance the Industry Petitioners' and Water Company Petitioners' challenges to the final rule."); *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70–71 (D.C. Cir. 2022) (courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary").

15. No party would be prejudiced by the requested abeyance. The Court granted Denka's stay motion, and EPA will not request that this Court lift its stay during the pendency of the abeyance. Nor has the Court scheduled oral argument.

16. For these reasons, the Court should extend the abeyance of this matter by an additional 180 days.

Date: December 5, 2025

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

*s/ Brandon N. Adkins*
BRANDON N. ADKINS
ALEXANDER M. PURPURO
U.S. Department of Justice
Environment & Natural Resources Division
P.O. Box 7611
Washington, D.C. 20044

5

Tel: (202) 598-9562 (Adkins)
Tel: (202) 514-9771 (Purpuro)
Brandon.Adkins@usdoj.gov
Alexander.Purpuro@usdoj.gov

*Counsel for Respondents*

**<u>CERTIFICATE OF COMPLIANCE</u>**

I hereby certify this document complies with the length limit of Federal Rule of Appellate Procedure 27(d)(2)(A), because it contains 880 words according to the count of Microsoft Word, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f).

I further certify that this document complies with Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6), because it has been prepared in 14-point Times New Roman, a proportionally spaced font, and is double-spaced, except for headings and footnotes.

Dated: December 5, 2025

*s/ Brandon N. Adkins*
BRANDON N. ADKINS
